## MILLER *v.* GEORGIA RAILROAD BANK.

1. In the absence of a demand for a jury trial, all cases filed in the city court of Richmond county are triable by the judge without a jury ; and in a case in that court where no such demand was made, it is not a ground to reverse a judgment in favor of the plaintiff that the suit " was not founded on such an unconditional contract in writing as would make it legal for the court to render judgment without the verdict of a jury."
2. There is no provision of law for the service upon the defendant of amendments filed to the plaintiff's petition.
3. Where, in a suit brought against him, the defendant files no plea and makes no appearance, and when the case is called for trial the plaintiff amends by making allegations which are necessary to support the prayers of his original petition, these allegations will not be taken as true because not answered, but must be supported by proof.
4. In a case in which no plea is filed by the defendant, where judgment is rendered in favor of the plaintiff for the principal of the debt sued for, together with interest, costs, and attorney's fees, and the judgment is without objection except as to attorney's fees, if the amount of such fees is written off by the plaintiff the judgment will not be reversed.

Argued April 4, — Decided May 11, 1904.

Complaint.  Before Judge Eve.  City court of Richmond county.  August 3, 1903.

*William H. Fleming,* for plaintiff in error.
*Joseph B. & Bryan Cumming,* contra.

CANDLER, J.  This was a suit in the city court of Richmond county, on a promissory note for ten thousand dollars principal, dated January 17, 1903; and providing for the collection of ten per cent. attorney's fees in the event the amount of the note was not paid when due.  The original petition alleged that prior to the execution of the note the defendant had procured to be conveyed to the plaintiff, as security for all existing and future indebtedness due by her to it, a described tract of land; and prayed for a judgment for the principal and interest of the note and for attorney's fees.  It contained no allegation, however, that ten days' written notice had been given the defendant of the plaintiff's intention to sue, as provided by the act approved December 12,

1900 (Acts 1900, p. 53; VanEpps' Code Supp. § 6185).    The defendant did not file a plea, and did not appear in court when the case was called.    At the trial the plaintiff was permitted to amend its petition by alleging that, simultaneously with the execution of the security-deed to the plaintiff, it had executed and delivered to the defendant a bond to reconvey the premises on payment of the debt; and further, "that the defendant had ten days' written notice of plaintiff's intention to bring suit upon the note described in the petition."    The plaintiff introduced in evidence the original note sued on, " and the original agreement as to waiver, filing, etc.;" and the court, without further evidence, rendered judgment in its favor for the principal, interest, and costs, and also for $500 attorney's fees, the judgment providing for a special lien on the property described in the deed referred to in the petition.    The defendant brought the case to this court by bill of exceptions, complaining, (1) that the suit was not founded on such an unconditional contract in writing as would justify the rendition of a judgment without the verdict of a jury, for the reason that the petition prayed for attorney's fees, and there was no proof that notice had been given the defendant as required by the act of 1900; and for the further reason that the petition also prayed for a special lien against specific property; (2) that the amendments allowed by the judge were never served on the defendant, were never consented to by her or any one representing her, and were allowed without notice of any kind to her; (3) that no evidence was submitted identifying the property against which a special lien was given in the judgment; (4) that no evidence was submitted showing that written notice was served upon the defendant as required by the act of 1900; and (5) that the judgment rendered was for a greater amount of costs than had legally accrued. The last assignment of error was abandoned in this court.

There is nothing in the contention that the judgment complained of could not be lawfully rendered without the verdict of a jury; for by the act establishing the city court of Richmond county (Acts 1880–81, p. 579, § 26) it is expressly provided that all cases shall be tried by the judge without a jury, unless a demand for a jury is made by one of the parties; and no such demand appears to have been made in the present case.    The point that the amendments which were allowed by the court were not

served upon the defendant is equally without merit; for there is no provision in our law for the service of amendments to pleadings. Service of the original petition is supposed to bring the defendant into court and put him on notice of the nature of the complaint against him; and there is no need to further notify him of any matter which can properly be made the subject of an amendment, except to place it on the records of the court to which he has been summoned. The real question in the present case is whether the court was justified, in the absence of proof that ten days' notice of the plaintiff's intention to sue had been given to the defendant, in rendering judgment for attorney's fees. Had the original petition alleged that such notice was given, it is clear that the defendant's failure to appear and plead would have dispensed with the necessity for proof on the subject. But the provision of the law that allegations of a plaintiff which are not answered by the defendant will be taken as prima facie true has been expressly held by this court to be not applicable to amendments to the petition. *Hudson* v. *Hudson*, 119 *Ga.* 637. Since the passage of the act of 1900, attorney's fees can not be recovered unless the ten days' notice of intention to sue, therein required, is given. This is a vital element of the suit for attorney's fees, and should be alleged in the petition. It would seem clear, therefore, that although the defendant, by reason of her failure to answer the plaintiff's petition within the time required by law, was cut off from making a defense to the suit, a judgment for attorney's fees could not be had without proof to support the allegation of the amendment that the necessary ten days' notice had been given. Since, however, the defendant filed no plea, and does not contest the validity of the judgment against her for principal, interest, and costs, opportunity will be given the plaintiff to retain so much of the judgment in its favor as is clearly warranted and legal. If, within ten days after the filing of the remittitur from this court in the court below, the plaintiff will write off from its judgment the sum of $500, recovered as attorney's fees, the judgment is affirmed; otherwise it is reversed.

*Judgment affirmed, on condition.　**All the Justices concur.***