In the Matter of Supplementary Proceedings of Carlos M. Barbery, Judgment Creditor, Respondent, *v.* Benjamin Cohen, Defendant, Impleaded with Philip Mandelman, Judgment Debtor, Appellant.

First Department, May 31, 1918.

**Bankruptcy — decree in equity founded upon willful and wrongful detention of property by defendant — judgment not discharged by bankruptcy — statute construed — form of action immaterial.**

Where the judgment in a suit in equity determined that the defendants willfully and wrongfully detained from the plaintiff the possession of certain stock and other property which he had sold to one of the defendants upon his express agreement not to assign or sell the same until the full consideration was paid, but that said defendant, in violation of the agreement, transferred the property to his codefendant who purchased the same with knowledge of the agreement, the judgment was not discharged by the bankruptcy of the judgment debtor who purchased the property. Hence, proceedings supplementary to an execution on said judgment will not be stayed.

Under the Bankruptcy Act, as amended, a judgment is not discharged
if the act upon which it was founded was characterized by legal malice
and willfully done, and the form of the action is immaterial. The court
may resort to the entire record to determine the wrongful character of
the act.

APPEAL by one of the judgment debtors, Philip Mendel-
man, from an order of the Supreme Court, made at the
New York Special Term and entered in the office of the clerk
of the county of New York on the 24th day of December,
1917, denying the motion of the defendant Philip Mandelman
to stay proceedings for the enforcement of the judgment herein.

*Abram Goodman,* for the appellant.

*Perry Allen,* for the respondent.

PAGE, J.:

The proceeding is supplementary to execution against
property upon a judgment obtained in an action in equity.
Mandelman, one of the judgment debtors, claims that the
debt evidenced by said judgment has been discharged as to
him in his bankruptcy proceedings. The question involved
upon this appeal is whether the debt was dischargeable in
bankruptcy. The facts found in the equity action were,
briefly stated, as follows:

. The plaintiff had organized a corporation in which he
owned the entire capital stock, consisting of 100 shares. The
corporation obtained a lease of certain premises and installed
furniture and other personal property and conducted a hotel
in the said premises. The plaintiff and the defendant Cohen
thereafter entered into an agreement in writing whereby
plaintiff sold to Cohen the 100 shares of stock in said cor-
poration for a consideration of $17,000, payable $250 at the
time of the signing of the agreement, and $250 monthly in
advance for the first year, and $300 monthly in advance
thereafter until the full sum of $17,000 should be paid. The
contract further provided that said Cohen could not assign
the same without obtaining the consent of plaintiff, and that
in the event of the failure of Cohen to perform the terms
of the agreement on his part the plaintiff could demand the
return of the stock and the possession of the premises without

legal proceedings. Upon the execution of the agreement Cohen paid $250, received the stock and entered into possession of the premises. When the next monthly installment became due Cohen failed to pay the same upon demand and plaintiff demanded the return of the stock and possession of the premises, but Cohen refused to deliver them. An action was thereupon brought to recover the same, and at the trial it transpired that the stock had been assigned by Cohen to one Mandelman, and thereupon Mandelman was brought in as a party defendant. Mandelman claimed to be the owner of the 100 shares of stock, and the court found that Mandelman when he acquired and received the 100 shares of stock was fully cognizant of the contract between Barbery and defendant Cohen and of the provisions of the contract, and as a twelfth finding: " That the defendants have wilfully and wrongfully detained from the plaintiff, Barbery, the possession of the said 100 shares of stock and the possession of the said premises, and of the plaintiff's furniture and chattels therein,   *   *   *," and directed a cancellation of the assignment, the reassignment of the stock to plaintiff and the restoration to him of the possession of the hotel and other property. A referee was appointed to ascertain the damage.

Interlocutory judgment was entered on the 9th day of May, 1917, and final judgment was entered against Cohen and Mandelman on the 22d day of August, 1917, for $2,317.76. On the 11th day of August, 1917, an involuntary petition in bankruptcy was filed against Mandelman, and on the fourteenth day of August he was adjudicated a bankrupt. On the fifteenth day of August he filed schedules in which were set forth the claim of Barbery as a claim for unliquidated damages. In September the schedules were amended by setting forth the amount of the judgment. Mandelman claims that by virtue of these proceedings he has been discharged from the debt.

Section 17 of the United States Bankruptcy Act as originally enacted provided: " A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as   *   *   *   (2) are judgments in actions for frauds, or obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of

another * * *." (30 U. S. Stat. at Large, 550, § 17.) The change in this section by the amendment of 1903 (32 id. 798, § 5) is significant of the intent of Congress. The elimination of the words " judgments in actions for frauds, or," and the substitution therefor of the words " liabilities for," evidence the intention that it was the liability of the party for his act, and not the liability under a judgment in a specific form of action, that was the test as to whether the particular debt was discharged. The act of a party done with " a wilful disregard of what one knows to be his duty, an act which is against good morals and wrongful in and of itself, and which necessarily causes injury and is done intentionally, may be said to be done wilfully and maliciously, so as to come within the exception. * * * It was an honest debtor and not a malicious wrongdoer that was to be discharged." (*Tinker* v. *Colwell*, 193 U. S. 473, 487.) If the act was characterized by legal malice and willfully done, the debtor is not discharged, whatever may have been the form of the action. Thus damages for a conversion of property under circumstances which show that it was " wilful and malicious " will not be discharged (*Kavanaugh* v. *McIntyre*, 128 App. Div. 722; 210 N. Y. 175; *sub nom. McIntyre* v. *Kavanaugh*, 242 U. S. 138), while damages for a conversion under circumstances which show that it was not " wilful and malicious " will be discharged. (*Wood* v. *Fisk*, 215 N. Y. 233.) We are not concluded by the form of the action nor even the allegations of the complaint; resort may be had to the entire record to determine the wrongful character of the act. (*Matter of Bullis*, 68 App. Div. 518; *Colwell* v. *Tinker*, 169 N. Y. 531, 537; *Kavanaugh* v. *McIntyre*, 128 App. Div. 727, 729.)

Applying this test to the instant case, Cohen obtained possession of the property by making a small installment payment and, contrary to the express terms of the agreement, transferred the property to Mandelman, who took it with full knowledge of the rights of the plaintiff. This was a deliberate and willful attempt to deprive the plaintiff of his property and defeat any right to recovery therefor. The court has found that the property was willfully and wrongfully detained from the plaintiff's possession. The judgment was for the damages for the wrongful and willful detention. It is, in

my opinion, a liability for willful and malicious injury to the plaintiff's property and, as such, not discharged in the bankruptcy proceedings. The plaintiff, therefore, has the right to prosecute his remedy in enforcement of the judgment.

The order of the Special Term should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., LAUGHLIN, SMITH and SHEARN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.