NUNN *v.* DRIEBORG.

1. BANKRUPTCY — DISCHARGE IN BANKRUPTCY RELEASED FROM JUDGMENT FOR NEGLIGENT KILLING NOT MALICIOUS OR WILFUL.
   A judgment against an automobile driver for the negligent killing of decedent, where wilful and malicious injury was neither charged or shown by the proofs, was released by his discharge in bankruptcy; it not coming within the exceptions mentioned in section 17 of the bankruptcy act (42 U. S. Stat. p. 354).[1]

2. SAME—MALICE DEFINED.
   Malice, within the meaning in the exceptions stated in section 17 of the bankruptcy act, means a wrongful act done intentionally without just cause or excuse.[2]

3. SAME—WILFUL DEFINED.
   Wilful, within the meaning in the exceptions stated in section 17 of the bankruptcy act, means intentional but not necessarily deliberate; the law imputing to one an intention to do harm who does an act wantonly and in reckless disregard for the safety of others.[3]

Certiorari to Kent; Perkins (Willis B.), J.    Sub-

[1]Bankruptcy, 7 C. J. § 718; [2]Id., 7 C. J. § 718; [3]Id., 7 C. J. § 718.

mitted April 21, 1926.    (Docket No. 4.)    Decided June 7, 1926.

Case by Louis Nunn, administrator of the estate of Ellsworth Gauntt, deceased, against Louis J. Drieborg and another for the negligent killing of plaintiff's decedent.    Judgment for plaintiff: On motion of defendant Louis J. Drieborg to set aside the judgment and *capias ad satisfaciendum* proceedings.    From an order denying the motion, defendant brings certiorari. Reversed.

*Joseph R. Gillard,* for appellant.

*Jewell, Face & Messinger,* for appellee.

McDONALD, J.    The plaintiff recovered a verdict and judgment for $2,500 against Louis J. Drieborg and John Drieborg in the circuit court for the county of Kent, in an action to recover damages for personal injuries sustained by reason of the negligence of the defendants.    About a year after the rendition of this judgment the defendant, Louis J. Drieborg, was duly adjudged a bankrupt by the United States district court for the western district of Michigan, and was released from all his provable debts.    In the bankruptcy proceedings the $2,500 judgment was listed as a liability, and the defendant claims that the discharge in bankruptcy released him from the judgment.    Before the order of discharge was made and entered the plaintiff caused the defendant's arrest on a *capias ad satisfaciendum.*    He gave bond to the jail limits and then moved to vacate the judgment and set aside the subsequent proceedings taken thereunder.    This motion was denied and defendant here seeks to review it by certiorari.

The question involved is whether the discharge in bankruptcy released defendant Louis J. Drieborg from

the judgment which had been obtained against him in the circuit court.    The applicable part of the bankruptcy act reads as follows:

"SECTION 17.    Debts not affected by a discharge. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as:    *    *    * (second) are liabilities for obtaining property by false pretenses or false representations, or for *wilful and malicious injuries to the person or property of another,* or for alimony due or to become due, or for maintenance or support of wife or child, or for seduction of an unmarried female, or for breach of promise of marriage accompanied by seduction, or for criminal conversation."    *    *    *    42 U. S. Stat. p. 354.

This debt is a provable claim.    It is evidenced by a circuit court judgment.    The question is whether it comes within the exceptions mentioned in section 17 of the bankruptcy act.

In disposing of the motion, the circuit judge adopted the plaintiff's view that the judgment is a liability—

"for wilful and malicious injuries to the person or property of another."

The judgment was rendered in a negligence case wherein it was charged that the defendant in approaching a railroad crossing negligently drove his automobile against the plaintiff's decedent, who was standing in the road endeavoring to warn him of an approaching train..    In addition to the allegations of ordinary negligence, the declaration contained the following count:

"5*a.* That the said Louis Drieborg then and there wilfully, wantonly, recklessly and in gross disregard of the consequences, failed to bring said automobile to a stop or to slow down after discovering the said Ellsworth Gauntt upon the said street, but on the contrary drove the said automobile upon and against said Ellsworth Gauntt, and threw him directly against and under the said train, which constituted gross and

wanton negligence on the part of the said Louis Drieborg."

However, the case was not submitted to the jury on that theory. In the charge as given, the court said:

"There is no evidence in this case which would justify the submission to the jury of the question of gross or subsequent negligence, and I therefore instruct you that that subject is not before you for your consideration."

From this it appears that the nature of the liability as established by the judgment was not for "wilful and malicious injuries to the person or property of another." And unless we look behind what is implied by the judgment, it must be held that it does not come within the exception specified by section 17 of the bankruptcy act.

Is there any evidence in the record showing wilfulness and malice on the part of the defendant? In the sense intended by the exception stated in section 17, the following definition of malice was approved in *Tinker* v. *Colwell*, 193 U. S. 473 (24 Sup. Ct. 505):

"Malice, in common acceptation, means ill-will against a person, but in its legal sense it means a wrongful act, done intentionally, without just cause or excuse."

The claim of the plaintiff in the instant case is that the defendant intentionally drove over the decedent without just cause or excuse. If he did so his act would be wilful and malicious, and he would be liable for "wilful and malicious injury." Wilful means intentional. But by this it is not meant that, in order that the act be intentional or wilful, the defendant must have deliberately willed to drive over the decedent. It is seldom that the failure to exercise reasonable care for the safety of others is intentional. If it is intentional it is not negligence. "When wilfulness comes in at the door, negligence goes out

through the window." But the law imputes to one an intention to do harm who does an act wantonly and in reckless disregard for the safety of others. So that in this case if the defendant drove over the decedent without just cause or excuse, and in reckless disregard for his safety, his act would be both wilful and malicious.

From the testimony in this record, the jury found that the defendant drove his car negligently and was responsible for the accident, but there is nothing tending to show that what he did was done intentionally. In other words, there are no facts from which the law could impute intentional harm. The defendant was driving west on Logan street in the city of Grand Rapids. His way led over a railroad crossing consisting of several tracks, two of which belonged to the Pennsylvania and the Michigan Central railroads. The latter track is east of the Pennsylvania track 10 or 12 feet, and parallel with it. A Pennsylvania passenger train coming from the south was approaching the crossing. The defendant's vision to the south was obscured and he claims that he did not see the train until he was about 10 feet from it. He was driving in second gear at a speed of 8 or 10 miles an hour, and when he saw that a collision with the train was probable, he swerved to the right, but too late to avoid being hit. His automobile was hit on the side and carried about 65 feet down the track. When the defendant and his father, who was riding with him, were picked out of the wreckage by the train crew, they discovered the plaintiff's decedent, Ellsworth Gauntt, lying under the tender between the tracks. He was fatally injured and died without regaining consciousness. Just how and when the decedent appeared at the place of the accident is not shown, but there is testimony that, as the automobile approached, he was seen standing in the road on the Michigan Central tracks waving a

danger warning to the defendant, and that the automobile struck him and knocked him over and on the Pennsylvania track in front of the train.    The defendant and his father both testified that the decedent was not in the road in front of them; that they did not see him; and that the automobile did not hit him.    The decedent was employed by the Michigan Central Railroad Company, and was working about the tracks somewhere in the vicinity just before the accident happened.

Now to make this act of the defendant wilful, it must appear that the decedent was in the road where he could be seen; that the defendant could have avoided hitting him, and would have done so had he not acted with reckless indifference to decedent's safety.    There is no evidence that the defendant was driving recklessly.    The only evidence on the subject is that he was running in second gear at a speed of from 8 to 10 miles an hour.    There is nothing in the record tending to show that he saw the decedent standing in the road, or that when he could have seen him he had time and opportunity to avoid the injury. The accident happened very quickly, and at a point in the road where the defendant and the decedent were within 10 feet of the moving train.    On the trial, in resisting a motion by the defendant for a directed verdict on the ground that the decedent was guilty of contributory negligence, the present counsel for the plaintiff thus addressed the court:

"Now, Mr. Ward referred repeatedly to the fact that this man got into the road and stood there; he refers to that.    That is not the question; there is no evidence of it.    Now this man according to the testimony, it all happened · very quickly.    The man ran out and was seen to wave his hands.    *   *   *   He was struck by the automobile and that is the extent of what the proof shows."

Evidently the trial court took the same view of

the evidence in refusing to submit to the jury the question of gross negligence. We think the court was right in holding that the record presented at most a case of ordinary negligence on the part of the defendant. The declaration does not charge wilful and malicious injury. The proofs do not show it, and in submitting the issue to the jury the court did not consider it involved. We think that this judgment does not come within the exception specified in section 17 of the bankruptcy law. It was not a liability for "wilful and malicious injuries to the person or property of another." It was released by the discharge in bankruptcy.

The order of the circuit court is reversed, with costs to the defendant.

BIRD, C. J., and SHARPE, SNOW, and WIEST, JJ., concurred. STEERE, FELLOWS, and CLARK, JJ., concurred in the result.