[No. 20958. Department One. March 1, 1928.]

EMMA ELY (*now Emma Shulte*), *Appellant*, v. PATRICIA O'DELL, *Respondent*, LYNN SMITH, *Defendant*.[1]

[1] BANKRUPTCY (14-1) — DEBTS AND LIABILITIES DISCHARGED — NEGLIGENT VIOLATION OF LAW—"WILFUL" INJURY. A judgment for damages from negligently driving an automobile in violation of a city ordinance is dischargeable under the bankruptcy act, excepting from discharge liability arising from "wilful and malicious injuries," in the absence of allegation or proof of intent to injure the plaintiff; "wilful" meaning nothing more than intentional.

Appeal from an order of the superior court for King county, Jones, J., entered July 11, 1927, quashing and vacating a writ of garnishment. Affirmed.

*H. E. Peck,* for appellant.
*James H. Palmer,* for respondent.

TOLMAN, J.—On January 6, 1927, appellant recovered a judgment against respondent O'Dell for $696 and costs in an action for personal injuries, received

[1]Reported in 264 Pac. 715.

through the negligent operation of an automobile by Miss O'Dell. The complaint upon which the case was tried, among other things, pleads an ordinance of the city of Seattle, and alleges:

"That at the time said defendant, Patricia O'Dell, struck the plaintiff, said defendant was driving and managing and propelling an automobile in a southerly direction on said University Way in a negligent, careless and unlawful manner, in this, that she was driving into and across an intersection at a rate of speed greater than twelve miles per hour, that she failed to sound her horn in approaching the plaintiff, and said defendant was driving and propelling her automobile on the left of the center of said University Way;"

each of the acts so averred being a violation of the city ordinance.

The case was tried to the court sitting without a jury, and findings of fact were made which support, but do not enlarge, the allegations of the complaint. After the entry of the judgment, and on January 8, 1927, respondent filed a petition in voluntary bankruptcy, duly scheduling this liability, and in due course received her discharge in the bankruptcy court.

On May 31, 1927, plaintiff in the action, appellant here, applied for and obtained the issuance of a writ of garnishment against school district No. 1 of King county, and the garnishee answered, admitting an indebtedness owing to the respondent of $436.50. Respondent promptly moved for the quashing of the writ of garnishment on the ground of her discharge in bankruptcy, which motion was granted, and from the order quashing the writ, the plaintiff has appealed.

[1] The only question here presented is whether this judgment is dischargeable in bankruptcy. The bankruptcy act denies a discharge from liabilities arising from "wilful and malicious injuries to the person

or property of another." This provision has been construed as meaning:

"An injury to person or property is a malicious injury within this provision if it was intentional, wrongful and without just cause or excuse, even in the absence of hatred, spite or ill will. The word 'wilful' as here used means nothing more than intentional, while the malice here intended is nothing more than that disregard of duty which is involved in the intentional doing of a wilful act to the injury of another." 1 Collier on Bankruptcy (11th ed.), 619.

See, also: *United States v. Reed,* 86 Fed. 308; *Tinker v. Colwell,* 193 U. S. 473.

In *Ex parte Cote,* 93 Vt. 10, 106 Atl. 519, the supreme court of Vermont held that a judgment for damages growing out of an automobile accident was not affected by a discharge in bankruptcy, but expressly pointed out that, in that instance, the trial court, at the time of the rendition of the judgment, adjudged and certified that the cause of action on which the judgment was founded arose from the wilful and malicious act of the judgment debtor.

Here, we have no such adjudication by the trial court, and nothing in either the pleadings or the findings which would support such a conclusion. True, we have certain acts done in violation of a city ordinance, but if we assume that the ordinance was wilfully violated, it by no means follows that the injuries were wilfully or intentionally inflicted.

"But, even if we were to consider the present proceedings as raising the issue of the dischargeable character of this judgment under section 17 (2), being Comp. St. § 9601, as a liability 'for willful and malicious injuries to the person or property of another,' we are far from convinced that the debt would not be discharged. We are not unmindful of the case of *Ex parte Cote,* 93 Vt. 10, 106 Atl. 519, 44 Am. Bankr. Rep. 43, in which the Supreme Court of Vermont held that

damages resulting from intentional violation of law were willful and malicious, but we are inclined to the opinion that, under the federal authorities, 'willful and malicious injuries' mean something more than injuries which chanced to happen by reason of an intentional unlawful act. These words signify to us the intentional doing of an act which must and does result in injury to the plaintiff, or that class of torts in which malice and injury are always implied by law." *In re Phillips,* 298 Fed. 135.

To the same effect is the holding in *In re Wilson,* 269 Fed. 845. In *Tinker v. Colwell; supra,* it was said:

"It is not necessary in the construction we give to the language of the exception in the statute to hold that every willful act which is wrong implies malice. One who negligently drives through a crowded thoroughfare and negligently runs over an individual would not, as we suppose, be within the exception. True he drives negligently, and that is a wrongful act, but he does not intentionally drive over the individual. If he intentionally did drive over him, it would certainly be malicious."

See, also: *Schall v. Camors,* 251 U. S. 239.

The later cases in the Federal courts, following the language quoted from *Tinker v. Colwell,* seem to hold without exception that judgments based upon the reckless, negligent and unlawful operation of automobiles are dischargeable. *In re Madigan,* 254 Fed. 221; *Ex parte Harrison,* 272 Fed. 543; *In re Cunningham,* 253 Fed. 663; *In re Roberts,* 290 Fed. 257.

We conclude that the discharge in bankruptcy discharged the judgment, and therefore the garnishment proceeding was properly quashed.

Judgment affirmed.

MACKINTOSH, C. J., PARKER, FRENCH, and MITCHELL, JJ., concur.