HUBERT MOCKENHAUPT v. NICK CORDIE.[1]

December 5, 1930.

No. 28,010.

*Henry H. Sullivan,* for appellant.
*Paul Ahles,* for respondent.

[1]Reported in 233 N. W. 314.

Holt, J.

Appeal from a decree refusing to enjoin the collection by legal process of a judgment rendered by the district court of Stearns county against plaintiff in an action wherein he was defendant and this respondent was plaintiff. The original complaint in that action alleged that the plaintiff's intestate therein, Mary Weis, through the negligent operation by the defendant of an automobile, was struck and fatally injured on a public street in St. Cloud. On proper notice to the defendant therein, the complaint was amended so as to allege his wilful, reckless, and wanton negligence as the cause of the death of plaintiff's intestate. The case was tried to the court, the defendant therein, the plaintiff herein, having withdrawn from the trial. The here controlling finding of fact is:

"The court finds that the death of said Mary Weis was caused by the wilful, negligent, unlawful and reckless operation of his automobile by the defendant, and resulted in wilful and malicious injury to said Mary Weis and her survivors."

The judgment followed the findings, declaring the damages awarded were for wilful and malicious injury to Mary Weis, deceased, and her survivors. Subsequent to the entry of that judgment this appellant, the judgment debtor, was duly adjudged a bankrupt in the proper federal court; in the proceeding the judgment mentioned was scheduled as a liability; and thereafter he obtained his discharge in bankruptcy. After this occurred defendant herein caused execution to issue on the judgment aforesaid and made a levy. Thereupon this action was begun by the judgment debtor to vacate the levy, enjoin the collection of the judgment, and have it discharged of record. The trial resulted in findings in favor of this defendant and a decree that the judgment was not vacated or discharged by the discharge in bankruptcy, and directing that the money reached by process be paid to this defendant or his counsel on demand. This appeal is from that decree.

At this trial a transcript of the evidence received in the trial of the action to recover damages for the wrongful death of Mary Weis was received subject to the objection that it was immaterial and

inadmissible. The findings and the judgment, in substance as herein above recited, stood admitted by the pleadings. Conceding that the trial court might from the evidence as set out in the transcript have found ordinary negligence as the cause of the death of Mary Weis, it was not done. The findings and judgment were that death resulted from the wilful and malicious negligence of the defendant therein, the plaintiff in this action. There was no appeal from that judgment and, as between the parties, the judgment and the findings on which it rests must be accepted as final and conclusive, not to be changed or varied by a reconsideration of the evidence given at the original trial or upon any other evidence contradictory of such findings and judgment.

Considering, as we must, only the amended complaint, the findings and the judgment, we think it clear that the judgment is a debt excepted from the operation of the judgment debtor's bankruptcy discharge, for in terms it is for "wilful and malicious injuries to the person," a liability not released by § 17(2) of the bankruptcy act as amended by act of February 5, 1903, 32 St. 798. A case directly in point is In re Cote, 93 Vt. 10, 106 A. 519, where there was a finding like the one here involved. In a judgment upon a verdict awarding damages for injuries to person or property caused by alleged wrongful, negligent, and reckless speed and operation of an automobile, the decisions are that, nothing more appearing in the record than a verdict against a defendant rendered upon such complaint, a judgment pursuant thereto does not survive his subsequent discharge in bankruptcy. Nunn v. Drieborg, 235 Mich. 383, 209 N. W. 89; Ely v. O'Dell, 146 Wash. 667, 264 P. 715 (annotated in 57 A. L. R. 151) ; In re Madigan (D. C.) 254 F. 221; In re Wilson (D. C.) 269 F. 845; In re Phillips (D. C.) 298 F. 135. But, as hereinbefore indicated, the findings and judgment itself conclude the parties and place it clearly within the debts excepted from the operation of the bankruptcy discharge of the judgment debtor.

The decree is affirmed.