## In re TILLERY.

### No. 20.

District Court, N. D. Georgia, Newnan Division.

Oct. 30, 1936.

J. A. Darsey, of Griffin, Ga., for bankrupt.

L. L. Meadors, of La Grange, Ga., for creditors.

UNDERWOOD, District Judge.

This is a supplementary and ancillary bill in equity of the bankrupt against Lee Huff, F. G. Bowden, and J. W. Hendrix,

judgment creditors, and Ellis G. Arnold, their attorney at law, praying for an injunction against defendants from the prosecution of their judgments, by garnishment and otherwise, in the state courts, on the ground that the debts represented thereby are dischargeable in bankruptcy, and that the prosecution of said suits will result in irreparable damage to bankrupt.

Bankrupt filed a voluntary petition and schedules on November 8, 1935, and an order of adjudication was thereupon entered.

On May 14, 1935, defendant Lee Huff filed a suit against bankrupt in the city court of La Grange for damages arising out of an automobile accident which occurred on March 23, 1935.

Bankrupt employed counsel to file defenses in the suit, but counsel failed and neglected to do so, and the case was marked in default.

The suit of Lee Huff was a plain suit for damages, alleging simple negligence on the part of bankrupt while driving his automobile. No willful and malicious intent was alleged in the original petition. The negligence charged was that bankrupt was driving while in an intoxicated condition and that he was otherwise negligent "(a) In driving an automobile in the City of Hogansville in the city limits of said town at a speed of 35 miles per hour," and "(b) Said defendant is guilty of an act of negligence in attempting to pass said school bus at a time when the way ahead was not clear of approaching traffic." (Paragraph 10 of complaint.)

Elsewhere in the complaint it is alleged that "defendant was driving his automobile along behind the school bus and was going in the same direction. Suddenly, and without warning, the defendant, Tillery, turned his automobile to pass to the left of said truck and attempted to pass said truck at a rate of speed of not less than 35 miles per hour, although your petitioner was at that time and place meeting said truck." (Paragraph 5.)

Huff further alleges "that at the time defendant attempted to pass said truck, that he, petitioner, was in approximately 20 feet of the school bus." (Paragraph 6.)

It will be seen from the above that the complaint did not charge that the bankrupt willfully and maliciously injured plaintiff or his property, nor any facts which would support any such conclusion if it had been alleged.

After the case was marked in default, and without serving notice on defendant or allowing him any time for answering or defending same, an amendment was allowed and filed alleging that the headlights of plaintiff's car were burning and could be seen by defendant for a distance of over 50 yards, and, further, "that the defendant maliciously, willfully and intentionally swung his car to the left of the road-way and into the automobile operated by plaintiff, striking petitioner's car in the front center," and also that "the defendant pulled his car back on to the pavement and maliciously and intentionally drove it against the right front side of the radiator of petitioner's car, striking petitioner's car ·near the front center."

After the allowance of the amendment, and on the same day, and without notice to or the knowledge of defendant, and in his absence, the case went to trial, and only evidence with respect to the amount of damage was introduced.

Whereupon, on the same day, September 13, 1935, the jury brought in the following verdict: "We, the jury, find for the plaintiff the sum of Two hundred dollars, and the defendant is guilty of deliberate negligence."

Judgment was duly entered thereon.

Huff claims that the debt represented by this judgment is not dischargeable in bankruptcy because it resulted from a willful and malicious injury to his property by bankrupt (Bankr.Act, § 17a (2), as amended, 11 U.S.C.A. § 35 (2), and that the verdict and judgment are res adjudicata, and that this court cannot go behind same to determine the actual nature of the debt.

In the first place I do not think the allegations in the amendment of intentional and malicious misconduct of bankrupt, which are merely broad conclusions unsupported by allegations of fact and contradictory of facts alleged in the original petition, need be considered in this case; but think that only the allegations in the original petition should be considered, since bankrupt had no notice of any such charges and was not required to deny them, and any verdict based thereon, certainly without any supporting evidence, could not be conclusive as showing willful and malicious injury to Huff's property.

In the case of Hudson v. Hudson, 119 Ga. 637, 640, 46 S.E. 874, 875, the Supreme Court of Georgia comments in the following language upon the effect of failure to answer allegations set out in amendments: "And where they are so material as to require an answer the defendant is entitled to time in which to make it. Civ. Code, § 5068. But by allowing the case to proceed without answering, or without claiming the time to answer, the defendant is not to be presumed to admit the truth of the allegations thus injected into the case. This right to the plaintiff and presumption against the defendant is limited to that answer required to be filed at a fixed time to a petition containing an orderly statement of the plaintiff's case as a whole. It does not apply to amendments intended to cure defects or supply omissions."

The ruling in this case was later followed in the case of Miller v. Georgia Railroad Bank, 120 Ga. 17, 47 S.E. 525.

The addition to the verdict of the words, "and the defendant is guilty of deliberate negligence," does not affect the situation, even if such a special verdict be legal and even if "deliberate negligence" should be interpreted to mean the same thing as "willful and malicious injury" to property, since bankrupt's default operated as an admission only of material facts which were well and properly pleaded in Huff's original petition and which were necessary to support the verdict, and since there were no allegations therein of willful and malicious injury to property nor evidence to establish same. Summerour v. Medlin, 48 Ga.App. 403, 172 S.E. 836.

But there is a wide difference between the meaning of "deliberate negligence" and "willful and malicious injury to the person or property." A person may be deliberately negligent in trying to pass a bus, as alleged of bankrupt in the state suit; but that does not necessarily mean that he deliberately intended to injure another person or property. Ely v. O'Dell, 146 Wash. 667, 264 P. 715, 57 A.L.R. 151, 11 A.B.R. (N.S.) 474; In re Rubiniec (D.C.W.D. N.Y.) 2 F.Supp. 632, 21 A.B.R.(N.S.) 624; Rogers v. Doody, 119 Conn. 532, 178 A. 51, 28 A.B.R.(N.S.) 689.

[3] Judgments for injuries to person or property caused by the negligence of bankrupt, however great his negligence may have been, and whether he was in an intoxicated condition or not, are dischargeable in bankruptcy, unless his acts amounted to willful and malicious injury to person or property. Lewis v. Roberts, 267 U. S. 467, 45 S.Ct. 357, 69 L.Ed. 739, 37 A.L.R. 1440; Rogers v. Doody, 119 Conn. 532, 178 A. 51, 28 A.B.R.(N.S.) 689.

The record and evidence in this case show that bankrupt did not willfully and maliciously injure Huff's property. The judgment against bankrupt, therefore, was a provable debt dischargeable in bankruptcy. The evidence and record further show that the judgment against defendant is being prosecuted in the state courts by the issuance of garnishments and that Huff threatens and intends to continue to run periodic garnishments against bankrupt's wages until the judgment is satisfied and to otherwise harass bankrupt and put his job in jeopardy. In this situation bankrupt is entitled to relief, and this court has jurisdiction to grant same. Local Loan Co. v. Hunt, 292 U.S. 234, 54 S. Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195.

An order will be entered to this effect.

The cases against the other two defendants, Bowden and Hendrix, are substantially the same, present substantially the same issues, and the same reasoning and the authorities above cited are applicable.

These two defendants likewise filed suit in the city court of La Grange for personal injuries received in the same accident, upon which default verdicts and judgments were entered on September 13, 1935. Their petitions are couched in the same language except as to the description of their injuries and the amount of damages claimed. Reference to their petitions shows that the accident was alleged to have happened in the following manner:

Bankrupt was driving an automobile at the rate of 50 to 60 miles per hour, in violation of a city ordinance. (Paragraph 6 of petitions.) He "suddenly swung and turned the automobile he was driving from the righthand side of the road over to the lefthand side and began to pass" a school bus "by increasing his speed." (Paragraph 7 of petitions.) This maneuver, together with the willful, malicious, and utter disregard of plaintiff's presence on the highway by the defendant caused defendant to run his automobile "into, on to and against the automobile in which your petitioner

was riding, negligently, wrongfully, unlawfully and willfully striking said automobile." (Paragraph 8 of petitions.) Bankrupt "v'as operating the said automobile while intoxicated" (paragraph 9 of petitions); and "failed to determine that plaintiff was approaching in the opposite direction along the highway before defendant suddenly attempted to dart and leer out of the line of traffic and pass the said school bus" (paragraph 11 of petitions); and "failed to keep proper lookout so as to avoid running into plaintiff after discovering his presence on the highway" (paragraph 12 of petitions); and "failed to exercise any degree of care in that he was operating said automobile at such a rapid rate of speed and in such a dangerous and negligent manner that he could not control same so as to avoid colliding with your petitioner" (paragraph 13 of petitions).

These are all the substantial facts alleged as to the cause of the accident, and the prayers of the petitions were based thereon.

It clearly appears from the foregoing that the acts of bankrupt did not constitute willful and malicious injury to the person and property of Bowden and Hendrix, but amounted merely to simple negligence of the bankrupt. The allegations of the petitions negative any willful and intentional purpose of defendant to injure defendants and clearly show, as alleged in paragraph 12, that bankrupt "failed to keep proper outlook," and, as alleged in paragraph 13, "that he could not control the same so as to avoid colliding with your petitioner."

The verdicts in the two cases of Bowden and Hendrix were simple money judgments for much less than the amounts sued for in the petitions, and did not purport to find the degree of negligence.

I find, therefore, that in the cases of Bowden and Hendrix, as well as in the case of Huff, the injuries complained of were not willful and malicious injuries inflicted by bankrupt upon the persons and property of said defendants; that the judgments obtained in the state court were debts which were provable and dischargeable in bankruptcy; and that bankrupt should have the same relief against Bowden and Hendrix as the court has found he was entitled to as against Huff.

Orders in conformity to the above will be entered in the cases.