PANCHULA, ADMR., APPELLANT, *v.* KAYA ET AL., APPELLEES, ET AL.

(Decided May 10, 1938.)

*Messrs. Levin & Levin,* for appellant.
*Mr. Joseph A. Ujhelyi,* for appellee Andrew Kaya.
*Mr. Basil Dziama,* for appellee Andrew Mihalsky.

DOYLE, J. The appellant, Nick Panchula, as administrator, seeks, in an appeal on questions of law, to secure the reversal of a judgment of the Court of Com-

mon Pleas of Lorain county, which dismissed a proceeding in aid of execution against appellees, Andrew Kaya and Andrew Mihalsky, judgment debtors, because the debt upon which the proceeding in aid of execution was issued was discharged in bankruptcy by the United States District Court for the Northern District of Ohio.

An application of Section 17 of the Bankruptcy Act, Title 11, Section 35, U. S. Code, to the record facts, is dispositive of the appeal. Was the judgment upon which the proceeding in aid of execution is based, rendered in such an action in tort as places it within the classification of nondischargeable debts under favor of the statutory exception, *supra*?

The amended petition in the action *ex delicto,* upon which judgment was rendered, asserted that Andrew Kaya and Andrew Mihalsky, two of the defendants therein and appellees here, while shooting a 22-caliber Ranger rifle at various objects along a public highway beyond the city limits of Lorain, Ohio, fired one bullet "along and across" the highway which struck the plaintiff's decedent as he was lying in the grass near the roadway watching some cows pasture. It was further asserted that the wound which was fatal was caused by the "negligent, careless and wanton" acts of the defendants Kaya and Mihalsky, and that they "did kill and murder * * * plaintiff's decedent as hereinbefore described." Damages were prayed for on behalf of the next of kin.

Issues were joined by the separate general denials of said defendants, and by demurrers by the other defendants, the living parents of Kaya and Mihalsky. The demurrers were sustained, and those defendants were finally eliminated from the suit. The case then proceeded against the first-named defendants, who will hereinafter be referred to simply as "defendants."

No allegations were made in the petition and no

claims are made that the defendants knew that the deceased or any other person was in the field at the time of the shooting. Further, as we construe the petition, it was not claimed that at the time of the discharge of the firearm the defendants were conscious from their knowledge of surrounding circumstances and existing conditions that the firing of the gun would naturally or probably result in injury.

When the cause came on for trial, it was presented to the court upon the pleadings and the evidence, after a jury had been formally waived. A finding was made for the plaintiff, "on the issues joined," in the sum of $1,000, and subsequently a judgment was entered of record for that amount, in favor of the plaintiff and against the defendants. Following this entry of judgment, the defendants filed their respective petitions in voluntary bankruptcy and duly scheduled this liability. They were adjudicated bankrupts.

Thereafter this proceeding in "aid of execution" was commenced. The defendants filed a motion asking for its dismissal, and the court, in sustaining the motion, dismissed the proceedings for the reason that the claim did not arise out of damage resulting from the wilful and malicious acts of the defendants.

Section 17 of the U. S. Bankruptcy Act, Title 11, Section 35, U. S. Code, provides that debts which are liabilities "for wilful and malicious injuries" to the person or property of another are excepted from the operation of a discharge. 8 Corpus Juris Secundum, Bankruptcy, Section 574; 6 American Jurisprudence, Bankruptcy, Section 505; 5 Ohio Jurisprudence, Bankruptcy, Section 118.

Confining ourselves to the record upon which the judgment was entered, and not considering the evidence in the bill of exceptions on the motion concerning the facts of the transaction, which latter evidence would be improper for us to consider in determining this case,

does that record disclose a wilful and malicious injury?

The petition charged that the plaintiff's decedent was murdered. No claim is made that the defendants intentionally killed the deceased, and the record discloses nothing more than an accidental killing. Therefore this legal conclusion must be disregarded.

The petition further charged wanton misconduct.

The terms "wilful" and "wanton" as applicable to misconduct in tort actions have been before the Supreme Court of this state on many occasions, and, as there decided, it is held that "the term 'wilful tort' implies intent or purpose to injure," and that the terms "wilful" and "wanton" are not synonymous. *Reserve Trucking Co.* v. *Fairchild,* 128 Ohio St., 519, 191 N. E., 745; *Denzer* v. *Terpstra,* 129 Ohio St., 1, 193 N. E., 647.

"2. Wanton misconduct is such conduct as manifests a disposition to perversity, and it must be under such surrounding circumstances and existing conditions that the party doing the act or failing to act must be conscious, from his knowledge of such surrounding circumstances and existing conditions, that his conduct will in all common probability result in injury." *Universal Concrete Pipe Co.* v. *Bassett,* 130 Ohio St., 567, 200 N. E., 843. See also, *Vecchio* v. *Vecchio,* 131 Ohio St., 59, at 64, 1 N. E. (2d), 624.

There is nothing in the instant case to even suggest that the defendants had formed an intent, purpose or design to shoot the deceased. Neither do the pleadings allege, nor does the record disclose, that either one of the defendants had knowledge of any conditions existing at the time and place of the unfortunate accident which would cause him to believe that that firing of the rifle would in all common probability result in injury to anyone. It is therefore apparent that the record does not disclose a state of facts which could

fall within the rules defining either wilful or wanton misconduct.

A review of the many decisions which construe the exceptions, *supra,* in the Bankruptcy Act discloses a divergence of opinion. These decisions may be found in the various digests and publications under the general subject. See 57 A. L. R., pages 148, 151, and 153. The weight of authority, however, has construed the provision as meaning that "An injury to person or property is a malicious injury * * * if it was intentional, wrongful and without just cause or excuse, even in the absence of hatred, spite or ill will. The word 'wilful' * * * means nothing more than intentional, while the malice here intended is nothing more than that disregard of duty which is involved in the intentional doing of a wilful act to the injury of another." 1 Collier on Bankruptcy (13 Ed.), 619, 620.

It was argued in the case at bar that the defendants violated a criminal statute of the state when they fired the gun, to wit, Section 12817, General Code, which provides, in part, that "whoever discharges a firearm * * * upon or over a public road or highway, shall be fined not less than ten dollars nor more than fifty dollars, or imprisoned not more than thirty days or both," and that the intentional violation of this penal statute supplied the intent in the Bankruptcy Act from which malice may be implied.

We believe this view is untenable.

While the intended violation of the firearm statute, *supra,* must be admitted, "wilful and malicious" injuries as used in the Bankruptcy Act mean something more than accidental injuries which happen to occur as the result of the wilful commission of an unlawful act. Wilful misconduct and wanton misconduct mean something more than the mere violation of a penal statute under the circumstances of this case. And even though an innocent person is accidentally killed

by a bullet fired in violation of law, the provision of the Bankruptcy Act in question must be construed in the light of the intention of the United States Congress which enacted it.

Had the Congress intended to exempt from the operation of the law liabilities arising out of the mere breach of a penal statute or ordinance, it would have said so. The words "wilful and malicious" signify the doing of an act which must and does result in injury to the plaintiff, or that class of torts in which malice and injury are always implied by law. *Ely* v. *O'Dell*, 146 Wash., 667, 264 P., 715, 57 A. L. R., 151. See also, *In re Phillips*, 298 F., 135.

We therefore conclude that the firing of a bullet across a public highway in the country at a target, in violation of a penal statute, which bullet accidentally strikes and kills a person in an adjacent field, who was unseen by, and whose presence was unknown to, the operators of the firearm, and under such circumstances that the operators of the firearm were not conscious from their knowledge of surrounding circumstances and existing conditions that the firing of the gun would naturally or probably result in injury, does not constitute a wilful and malicious injury within the purview of Section 17 of the Federal Bankruptcy Act, Title 11, Section 35, U. S. Code.

*Judgment affirmed.*

STEVENS, P. J., and WASHBURN, J., concur.