[File No. 6912]

VERNER CAMPBELL, Respondent, v. LEO NORGART, Appellant.

(14 NW(2d) 260)

Opinion filed April 20, 1944

*Lyche & Lyche,* for appellant.

*DePuy & DePuy,* for respondent.

MORRIS, Ch. J. The plaintiff obtained a judgment against the defendant for damages resulting from personal injuries growing out of an automobile accident on a public highway. In proceedings in bankruptcy instituted thereafter, the defendant received a discharge in bankruptcy which recited that:

"It is ordered that the said Leo Ralph Norgart be, and he hereby is, discharged from all debts and claims which are made provable by said Act against his estate, except such debts as are, by said Act, excepted from the operation of a discharge in bankruptcy."

It is conceded that the judgment in question was a provable debt.

After obtaining his discharge in bankruptcy, the defendant made an application to the district court for a discharge of the judgment from record pursuant to the provisions of § 7710, ND Comp Laws 1913. This statute authorizes the cancellation and satisfaction of such judgments only as are affected by the discharge in bankruptcy. John Leslie Paper Co. v. Wheeler, 23 ND 477, 137 NW 412, 42 LRA (NS) 292, 32 Am Bankr Rep 688. The application for the discharge of the judgment was resisted by the plaintiff upon the ground that the judgment represented a liability arising from "willful and malicious injuries to the person or property of another" and therefore came within the exception provided by § 17 a(2) of the Bankruptcy Act, 11

USCA, § 35a(2), 3 FCA title 11, § 35a(2), which denies a discharge to a bankrupt for liability arising from such injuries. The trial court determined that the judgment came within the exception and denied the application. The defendant appeals.

We first consider a preliminary question as to the scope of the proceedings with respect to the record upon which the judgment was based. A judgment founded on negligence is not within the exception unless is is predicated on a willful and malicious act. 8 CJS § 574. In order to determine the nature of the act the court may examine the entire record. Barbery v. Cohen, 183 App Div 424, 170 NYS 762, 42 Am Bankr Rep 226. Where the verdict and judgment are general and not determinative of the question as to whether the injury was willful and malicious, the court may consider the evidence presented at the trial which resulted in the judgment. Re Dutkiewicz (CCA 1st) 27 F(2d) 334, 12 Am Bankr Rep(NS) 163; Re Kubiniec (DC) 2 F Supp 632, 21 Am Bankr Rep(NS) 624; Nunn v. Drieborg, 235 Mich 383, 209 NW 89, 8 Am Bankr Rep(NS) 80; Rice v. Guider, 275 Mich 14, 265 NW 777.

Whether an act on which a judgment was based was willful and malicious within the meaning of the Bankruptcy Act, must be determined by the record of the court in which the judgment was recovered. Fleshman v. Trolinger, 18 Tenn App 208, 74 SW2d 1069. In making such determination, resort may be had to the entire record. Bank of Williamsville v. Amherst Motor Sales, 234 App Div 261, 254 NYS 825, 20 Am Bankr Rep(NS) 623; Barbery v. Cohen, 183 App Div 424, 170 NYS 762, 42 Am Bankr Rep 226; Kavanaugh v. McIntyre, 128 App Div 722, 112 NYS 987, 21 Am Bankr Rep 327; Humphreys v. Heller, 157 Misc 568, 283 NYS 915.

It appears from the memorandum opinion of the trial court that at the instance of the plaintiff, the stenographer who took the testimony at the original trial, read portions of that testimony from her notes. Other portions were read at the request of the defendant and pictures of the cars involved in the accident were presented. The trial court then states:

"Defendant's counsel made objection to the receiving of that evidence because the whole record was not presented. He was, however, given

opportunity to present any portions of the record omitted by the plaintiff which he desired to present."

The trial court also gave to defendant's counsel an opportunity to present further portions of the record after the hearing if he so desired. He did not avail himself of this opportunity. In this respect, the conduct of the hearing by the trial court was eminently fair and the defendant cannot now predicate error upon the reception in evidence of portions of the former record at the instance of the plaintiff.

We now consider whether the record presented to the trial court shows that the judgment was based upon willful and malicious injuries to the person of the plaintiff.

The complaint alleges that while the plaintiff was engaged in connecting his automobile to a stalled pick-up truck on a public highway:

"The defendant, Leo Norgart, negligently and recklessly and at a rate of speed greater than was reasonable and proper having regard to the condition and use of the highway upon which he was driving, and without having proper control of said Ford automobile, and in disregard of the rights of others upon said highway and of plaintiff, and at a rate of speed which endangered the life and limb of others, and without slackening the excessive speed of said Ford automobile, and without taking any measures to avoid a collision, and while his view of traffic and of said highway was obscured and obstructed by swirling snow and dirt . . . operated and drove said Ford automobile against and into said standing pick-up and thereby forced said pick-up against plaintiff and crushed plaintiff between said pick-up and said Plymouth sedan ;".

The court read to the jury the statutory rules of the road and gave the usual instructions regarding negligence applicable in such action. Under these instructions, if the jury found the defendant guilty of negligence, it was their duty to bring in a verdict for the plaintiff, unless they also found that the plaintiff was guilty of contributory negligence. The verdict of the jury is general and in the light of the instructions cannot be construed to be a finding of more than ordinary negligence. But the verdict does not preclude the court from determining in this proceeding that the negligent acts of the defendant were such as to

constitute willful and malicious injury within the meaning of the Bankruptcy Act if the record actually shows such to be a fact.

The next point to be considered is whether the evidence presented in this record shows that the judgment, though based on a general verdict, actually resulted from the commission of an act or acts by the defendant that were willful and malicious within the meaning of those terms as used in the Bankruptcy Act.

The defendant proved his discharge in bankruptcy whereupon the plaintiff had the burden of proving that the injury to him was willful and malicious and that the judgment is therefore excepted from the effects of the discharge. Bonnici v. Kindsvater, 275 Mich 304, 266 NW 360; Hallagan v. Dowell, 179 Iowa 172, 161 NW 177, 38 Am Bankr Rep 744; Fleshman v. Trolinger, 18 Tenn App 208, 74 SW(2d) 1069, supra; Damato v. Ambrose, 122 NJL 539, 6 A(2d) 189; Panagopulos v. Manning, 93 Utah 198, 69 P(2d) 614; Re Levitan (DC) 224 F 241, 34 Am Bankr Rep 789; Re Grout, 88 Vt 318, 92 A 646, Ann Cas 1917A 210, 33 Am Bankr Rep 789.

The ultimate issue to be determined in these proceedings is whether the record here presented establishes that the injury to the plaintiff resulted from the willful and malicious acts of the defendant. An examination of the testimony shows that the accident occurred during a blinding snowstorm. The plaintiff had stopped his automobile to assist one Elmer Siewert whose truck had become stalled. The plaintiff backed his car in front of the truck and he and Siewert were engaged in coupling the two vehicles together when the defendant, driving a Ford V-8 sedan, crashed into the back of the truck and forced it against the rear of the plaintiff's car. The plaintiff's leg was caught between the two vehicles and crushed resulting in the injury for which the judgment was rendered. The truck and the plaintiff's car were on the right side of the highway. Two witnesses who were passengers in the defendant's car testified to low visibility due to the storm and that the defendant was driving between 40 and 55 miles per hour. The highway was a main traveled thoroughfare. Siewert testified that before his truck stalled he was traveling only about 12 miles per hour, due to low visibility. The defendant testified that the vision was very poor; he practically couldn't see; he could not see the ground ahead of the

car; he was looking ahead but did not see the Siewert truck before he hit it and that he was not driving very fast. He did not otherwise estimate his speed.

The leading case on what constitutes a willful and malicious injury within the meaning of the Bankruptcy Act is Tinker v. Colwell, 193 US 473, 48 L ed 754, 24 S Ct 505, 11 Am Bankr Rep 568, wherein it is said:

"In order to come within that meaning as a judgment for a willful and malicious injury to person or property, it is not necessary that the cause of action be based upon special malice, so that without it the action could not be maintained. . . . In United States v. Reed (CC) 86 F 308, it was held that malice consisted in the willful doing of an act which the person doing it knows is liable to injure another, regardless of the consequences; and a malignant spirit or a specific intention to hurt a particular person is not an essential element. Upon that principle, we think a willful disregard of what one knows to be his duty, an act which is against good morals and wrongful in and of itself, and which necessarily causes injury and is done intentionally, may be said to be done willfully and maliciously, so as to come within the exception." . . . "It is not necessary in the construction we give to the language of the exception in the statute to hold that every willful act which is wrong implies malice. One who negligently drives through a crowded thoroughfare and negligently runs over an individual would not, as we suppose, be within the exception. True he drives negligently, and that is a wrongful act, but he does not intentionally drive over the individual. If he intentionally did drive over him, it would certainly be malicious. It might be conceded that the language of the exception could be so construed as to make the exception refer only to those injuries to person or property which were accompanied by particular malice, or, in other words, a malevolent purpose towards the injured person, and where the action could only be maintained upon proof of the existence of such malice. But we do not think the fair meaning of the statute would thereby be carried out."

It is universally held that a judgment that results from an injury due to simple negligence in the operation of a motor vehicle is dischargeable in bankruptcy as not being within the exception under dis-

cussion. 8 CJS p 1526, 6 Am Jur 814, Bankruptcy, § 506; 9 Blashfield, Cyclopedia of Automobile Law & Practice, Perm ed, § 5899; Collier, Bankruptcy, 13th ed p 622. From the decisions it is apparent that the courts have experienced considerable difficulty in determining whether in specific cases a judgment based on negligence, represents a liability for injuries sustained as the result of willful and malicious acts on the part of the defendant within the meaning of the exception. The term malice as therein used does not necessarily involve hatred or ill will toward the person injured, but malice may be implied from a wrongful act done intentionally without just cause or excuse. Re Greene (CCA 7th) 87 F(2d) 951, 109 ALR 1188, 33 Am Bankr Rep 319. On the other hand the exception contemplates something more than an intention to do an act which in the light of a disaster such as an automobile accident, appears to have been wrong and inexcusable. The intentional doing of a wrongful act which accidentally results in injury does not necessarily involve malice. Panchula v. Kaya, 59 Ohio App 556, 18 NE2d 1003.

The respondent cites Wellman v. Mead, 93 Vt 322, 107 A 396, and Re Cote, 93 Vt 10, 106 A 519, 44 Am Bankr Rep 43. In both of those cases the record disclosed a finding by the court in which the judgment was rendered, that the judgment was for willful and malicious injuries. In the opinion in the Cote Case that fact is pointed out in order to distinguish it from Re Grout, 88 Vt 318, 92 A 646, Ann Cas 1917A 210, 33 Am Bankr Rep 789, supra, wherein the court in which the judgment was rendered had not found that the injury resulted from a willful and malicious act.

In the case before us there is no finding on the question of willful and malicious injury by the court or jury before which the case was tried. The defendant may have been negligent and even heedless in driving as he did but this does not bring him within the exception of the Bankruptcy Act. There must be an intent to commit a wrong under circumstances that indicate malice either actual or implied in order to prevent the discharge in bankruptcy from operating on the judgment. We cannot draw from this record any presumption or implication that the defendant intended to injure anyone or that he considered such injury probable. When the accident occurred he was

driving on the right side of the highway but at a speed greater than was commensurate with safety under the conditions that then existed. That was sufficient to warrant the jury in finding him negligent but it falls short of establishing that he acted willfully and maliciously. Fleshman v. Trolinger, 18 Tenn App 208, 74 SW(2d) 1069 supra; Re Wegner (CCA 7th) 88 F(2d) 899, 33 Am Bankr Rep(NS) 565; Re Phillips (DC), 298 F 135, 3 Am Bankr Rep(NS) 33; McClellan v. Schmidt (DC) 235 F 986, 38 Am Bankr Rep 104; Nunn v. Drieborg, 235 Mich 383, 209 NW 89, 8 Am Bankr Rep(NS) 80, supra; Re Wilson (DC) 269 F 845, 46 Am Bankr Rep 477; Ely v. O'Dell, 146 Wash 667, 264 P 715, 57 ALR 151, 11 Am Bankr(NS) 474; Poznanovic v. Gilardine, 174 Minn 89, 218 NW 244, 57 ALR 148; Re Kubiniec (DC) 2 F Supp 632, 21 Am Bankr Rep(NS) 624, supra.

The judgment sought to be discharged does not represent a liability for willful and malicious injuries; hence it is not within the exception' and was discharged in bankruptcy. The order appealed from is reversed.

BURKE, NUESSLE AND CHRISTIANSON, JJ., concur.

BURR, J. (dissenting). The majority opinion sets forth the facts so far as the judgment and the application to cancel are concerned. As I view the complaint and the record that was before the district court, including the testimony to which reference is made in the majority opinion, it is clear to me the district court was correct in denying the application.

The complaint does not need to use the term "willful and malicious." It is sufficient if it sets forth facts which show that the acts of the judgment debtor were willful and malicious as these words are used in our statute. The record shows more than negligence on the part of the judgment debtor. Negligence is a negative quality. There was more than this in his acts. "Willful" is an affirmative condition confined to the willingness to do the thing which he is doing as opposed to a chance happening. Clearly the liability arose from a willful act.

As the majority opinion points out, to make an act malicious in the sense used here, it is not necessary to show animosity against the person

injured. Defendant was rushing, not only intentionally, but also with an utter disregard of the rights of anyone who might be ahead of him on the road. He was moving at the rate of probably fifty miles an hour under conditions that he knew required caution and greatly reduced speed, and he was charged with the knowledge that other travelers might be ahead of him stalled on the highway or moving cautiously and carefully. Clearly, there was an intent to do a wrongful act when under the conditions of the road he plunged ahead as he did when the visibility was so low that he must have known that he could not stop in time to save anyone ahead of him, and not caring who was ahead.

Now he applies to the district court to be released from the onus of such judgment. Under the provisions of Section 7710 of the code, he must produce such a record so it will "appear to the court that the applicant has thus been discharged from the payment of such judgment." The majority opinion shows the defendant would not be entitled to a cancellation of such judgment if the judgment was on a liability arising from the willful and malicious injuries as such terms are defined. To my mind, the record shows the liability did so arise and the trial court so found. Consequently, the judgment debtor is not entitled to a cancellation of his judgment.

This is a case of first impression in this state. It involves a provision for the benefit of the judgment debtor wherein he attempts to get rid of the burden of a judgment entered in the court. The bankruptcy statute is intended for the benefit of the honest debtor, the unfortunate debtor. It is not a pardon for the reckless acts of one guilty of culpable negligence.

This is not an action to quiet title where the character of the judgment may be determined. It is not a proceeding to enforce the judgment. It is a summary proceeding to have a judgment "satisfied of record." The debtor made no attempt to show he had no interest in real estate at the time the judgment was entered. The question was not raised. While the statute is for the debtor's benefit, he should be required to show clearly and satisfactorily that this judgment is not tainted, that he is entitled to have it cancelled, that as an honest though unfortunate debtor he committed no wrong on the plaintiff by means

of culpable acts evincing a defiant disregard of rights of others including this plaintiff.

We should make such principle the basis for this state; and in laying down a rule to govern the cancellation of judgments of records in this jurisdiction, the district court should have great latitude in determining the actual facts of the individual case even though there may be plenty of "authority" to the contrary—authority that would limit his scope of investigation.

The case at bar turns on a question of fact. I believe the district court found the facts accurately and therefore decided the question correctly.