In the Matter of GASPARE MACEDONIA et al., Appellants, against JOSEPH A. FONTANELLI, Respondent.— Appeal by judgment creditors from an order denying their motion to punish the judgment debtor for contempt by reason of his failure to make periodic payments pursuant to an outstanding order entered in proceedings supplementary to judgment. The learned Special Term held that the underlying judgment upon which the application was based must be deemed to have been discharged in bankruptcy, and any proceedings to enforce the judgment must therefore be deemed to have been abated. Order reversed, with $10 costs and disbursements, and motion remitted to the Special Term for further proceedings not inconsistent herewith. While appellants' judgment concededly was obtained in an action in form *ex contractu*, sufficient appears on the face of the papers on appeal to indicate that their action was predicated on the theory of moneys had and received by respondent in his professional capacity as appellants' attorney for investment in bonds and mortgages for their account. The complaint specifically alleged that respondent, contrary to his fiduciary obligations, misappropriated the funds entrusted to him and gave appellants nonexisting and spurious bonds and mortgages as ostensibly valid liens on properties. In our opinion, it is not the technical form of the judgment which is controlling on the question of its dischargeability in bank-

ruptcy. Instead, it is the nature of the underlying liability asserted against the obligor, as determined by consideration of the entire record, which is decisive as to the character of the acts charged to him (1 Collier, Bankruptcy [14th ed.], § 17.05, p. 1582; 8 Remington, Bankruptcy [6th ed.], § 3324, pp. 184–187; *Matter of Barberry* v. *Cohen*, 183 App. Div. 424, 427; *Bank of Williamsville* v. *Amherst Motor Sales*, 234 App. Div. 261, 263). In the instant case the record so evaluated makes manifest the conclusion that respondent's liability was based on tortious acts not dischargeable by the bankruptcy proceedings (Bankruptcy Act, § 17; U. S. Code, tit. 11, § 35). Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.