### In re TOKLAS BROS.

(District Court, E. D. New York. December 7, 1912.)

BANKRUPTCY (§ 421*)—DEBTS AFFECTED BY DISCHARGE.

Where bankrupts pledged accounts due them for merchandise sold to secure a loan, and also agreed to hold any goods returned by customers whose accounts were assigned as the property of the creditor or resell the same as his agents, and account for the proceeds, a failure to pay over proceeds of goods so resold did not create a liability for willful and malicious injury to the property of the creditor, or one created by their fraud, embezzlement, misappropriation, or defalcation while acting in a fiduciary capacity, within the meaning of Bankr. Act July 1, 1898, c. 541, § 17a (2), (4), 30 Stat. 550, 551 (U. S. Comp. St. 1901, p. 3428), as amended by Act Feb. 5, 1903, c. 487, § 5, 32 Stat. 798 (U. S. Comp. St. Supp. 1911, p. 1496), and is provable and dischargeable in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 772–774; 779–786; Dec. Dig. § 421.*]

In the matter of Toklas Bros., bankrupts. On motion to vacate stay of action in state court. Motion denied.

I. Gainsburg, of New York City, for claimants.
Horwitz & Rosenstein, of New York City, for bankrupts.

CHATFIELD, District Judge. Subsequent to adjudication, an action has been started against the bankrupts upon a complaint charging conversion of personal property. This action was brought in the City Court of the state of New York, and was stayed by this court during the statutory period, upon an affidavit alleging that the action had been brought to recover a sum of money only for advances by the plaintiffs to the bankrupts when in business as copartners, and that the debt was dischargeable in bankruptcy. Application has been made to vacate this stay; the creditors asserting that the debt in question

was a liability arising from willful injury to the property of another, or from fraud or misrepresentation while acting in a fiduciary capacity.

It appears by the record that the bankrupts had secured loans at various times from the creditors who have brought the action in question, and had assigned or pledged as security for these loans certain accounts for merchandise sold; that they entered into an agreement pledging these accounts, by which they bound themselves to turn over any proceeds of the accounts received by them, and also to hold, as the property of the pledgees, any merchandise returned to the bankrupts, in trust for the plaintiffs. Such returned merchandise was to be delivered to the plaintiffs, or, if not, they were to be considered as having sole title thereto, unless the defendants (the bankrupts) should pay to the plaintiffs for these goods so returned, or resell them and pay over the proceeds. If such payments were made, then title was to revest in the defendants. In other words, the accounts were not only assigned to the creditors, but the debtors agreed to act as bailees for the creditors with respect to any goods which might be returned from customers whose accounts were among those assigned, or to sell such goods as agents for the creditors, and to hold the proceeds for payment of the debt.

We need not, however, consider the extent to which such a contract would be valid as against other creditors. The affidavits show that from time to time some merchandise was returned and was sold by the bankrupts in the ordinary course of business, and accounted for to the pledgees as settlements were had. Some merchandise, returned from parties whose accounts had been assigned, had been sold by the bankrupts some two years previous, and the proceeds of the particular sale had not been paid over. The suit stayed was to recover this amount. If such a claim against a person (assuming that he could, in the capacity of bailee, hold property which belonged equitably to a pledgee, but with right in the bailee to sell the same and immediately account for the proceeds, or substitute other goods or proceeds therefor) constitutes a claim dischargeable in bankruptcy, the present motion must be denied.

The creditors cite In re McIntyre, 128 App. Div. 722, 112 N. Y. Supp. 987, in which the court held that a willful and intentional breach of trust, by the selling of pledged shares of stock, was a wrongful conversion by a person in a fiduciary capacity, and distinguished between conversions wrongful in law and those wrongful and intentionally fraudulent. But it has been held that the bankruptcy statute does not refer, when using the words "fiduciary capacity," to a debt "founded upon an open contract, or upon a contract express or implied," even though suit may be brought in trover thereon. Crawford v. Burke, 195 U. S. 176, 25 Sup. Ct. 9, 49 L. Ed. 147.

The bankrupts have cited the cases of Maxwell v. Martin, 130 App. Div. 80, 114 N. Y. Supp. 349, and Matter of Floyd, Crawford & Co., 15 Am. Bankr. Rep. 277, to show that a claim for conversion of personal property, not obtained by false representation or pretense, is provable and is dischargeable in bankruptcy. The creditors argue that a conversion such as is charged herein is a willful injury to personal

property, following some of the language of In re McIntyre, supra; but this contention cannot be sustained, for the wrongful conversion of property is an injury to the individual, but not to his property, in the sense meant by that provision of the statute. The motion to vacate the stay will be denied.