PROBST *v.* JONES.

BANKRUPTCY—DISCHARGE OF BANKRUPT—WILFUL AND MALICIOUS
INJURY TO PROPERTY—RELEASE.

Debtor who gave creditor deed to real estate as security for loan
and then sold it to *bona fide* purchaser before deed was re-
corded, thus destroying creditor's security, was guilty of wilful
and malicious injury to creditor's property within meaning of
exception in section 17 of bankruptcy act (11 USCA, § 35),
and therefore judgment obtained by creditor on said cause
of action was not released by debtor's discharge in bank-
ruptcy.

Appeal from Wayne; Dingeman (Harry J.), J.
Submitted January 25, 1933. (Docket No. 164, Cal-
endar No. 37,086.) Decided April 4, 1933.

Action by Egidius E. Probst against John F.
Jones for malicious destruction of property. Judg-
ment for plaintiff. On petition of defendant to
vacate judgment because of defendant's discharge
in bankruptcy. Petition denied. Defendant ap-
peals. Affirmed.

*Howard A. Donnelly* (*Harold G. Groewn,* of coun-
sel), for plaintiff.

*John W. L. Hicks* (*Lowery B. Hicks,* of counsel),
for defendant.

FEAD, J. For some years, and many times, de-
fendant had borrowed money from plaintiff and
paid him two per cent. interest per month. In 1928
they settled accounts and determined that defend-
ant owed plaintiff $1,500. Plaintiff loaned him an-

other $1,000 and took his demand note for $2,500 and a warranty deed of certain premises as security. The deed was not recorded, whether at plaintiff's suggestion or not is in dispute. Some eight months later defendant sold the premises to a *bona fide* purchaser for value and without notice of plaintiff's deed (mortgage).

Plaintiff brought suit against defendant and had judgment for $2,812.50 on April 14, 1932. Besides the common counts, the declaration contained a special count setting up the facts of the loan, security, and sale, and charged wilful and malicious destruction of plaintiff's security. Defendant pleaded the general issue, with notice of payment in full. Defendant's claim was that, deducting the interest as usury, he had paid all the principal advanced by plaintiff in the course of their many transactions, and he sold the premises in good faith, as he owed plaintiff nothing.

In announcing decision, the court found defendant liable on the special count, and the judgment entered was in tort, not assumpsit. Body execution was issued against defendant, served, and he has been languishing in jail ever since.

After judgment, defendant filed voluntary petition in bankruptcy and scheduled the judgment as a claim. Defendant was discharged September 19, 1932. He then petitioned the circuit court to vacate the judgment and proceedings thereunder and discharge him from custody, on the ground that the judgment was released by the discharge in bankruptcy. The court denied the petition, and defendant has appealed.

The issue concerns the following provision of section 17 of the bankruptcy act, 42 U. S. Stat. at Large, p. 354 (11 USCA, § 35):

"Debts not affected by a discharge.—A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as  *  *  *  are liabilities for  *  *  *  wilful and malicious injuries to the person or property of another."

Injuries within the meaning of the exception are not confined to physical damage or destruction. Wilful and malicious conversion is an injury to property within the meaning of the present law, and liability therefor is not released by the discharge. The exception has been held to cover conversion of motor vehicles (*In re Brier,* 3 Fed. [2d] 709; *In re Franks,* 49 Fed. [2d] 389); collections on accounts assigned as security (*Baker* v. *Bryant Fertilizer Co.* [C. C. A.], 271 Fed. 473); and sales of corporate stock (*McIntyre* v. *Kavanaugh,* 242 U. S. 138 [37 Sup. Ct. 38]). These cases dispose of any confusion which may have existed by reason of *In re Toklas Bros.,* 201 Fed. 377, and *Crawford* v. *Burke,* 195 U. S. 176 (25 Sup. Ct. 9).

Nor need the property be tangible and physical. Injury to personal or property rights is within the exception. Thus, a judgment for damages for criminal conversation is not released, because the cause of action is a violation of marital rights of the husband in the person of the wife, to the exclusion of all others, and is a wilful and malicious injury to the person and property of the husband within the meaning of the exception in the statute. *Tinker* v. *Colwell,* 193 U. S. 473, 481, 485 (24 Sup. Ct. 505).

"Malice" means "a wrongful act, done intentionally, without just cause or excuse." *Tinker* v. *Colwell, supra,* 486; *Nunn* v. *Drieborg,* 235 Mich. 383, 386.

The testimony supports the conclusion of the court that defendant did not act in good faith, but

was guilty of at least legal malice in selling the property upon which plaintiff had security. Under the above authorities, the destruction of plaintiff's security by such sale was an injury to property within the exception of the statute, and defendant was not released from liability by discharge in bankruptcy.

Order affirmed, with costs.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.