RICE *v.* GUIDER.

1. Action—Assumpsit—Waiver of Fraud.
   Fraudulent procurement of money may be waived and an action in assumpsit for recovery of the amount maintained.

2. Bankruptcy—Provable Claims—Judgment in Assumpsit.
   Judgment in action of assumpsit *held*, upon its face and record a properly scheduled and provable claim by obligor in voluntary bankruptcy proceedings (Bankruptcy Act, § 17 [11 USCA, § 35]).

3. Judgment—Fraud—Record.
   Whether or not a judgment was obtained in an action for fraud is to be determined by an inspection of the entire record in the case in which judgment was rendered.

4. BANKRUPTCY—PROVABLE CLAIMS—JUDGMENT IN ASSUMPSIT.

At hearing on petition for stay of garnishment proceedings to collect judgment in assumpsit after principal defendant's discharge in bankruptcy, rejection of evidence to supply lack in record of case in which judgment was rendered to show fraud *held,* proper (Bankruptcy Act, § 17 [11 USCA, § 35]).

5. SAME—DISCHARGE—JUDGMENT—FRAUD.

In order that a judgment may be recovered for fraud so as to prevent its discharge in bankruptcy the record in the action must show that fraud was the gist and gravamen of the action (Bankruptcy Act, § 17 [11 USCA, § 35]).

6. JUDGMENT—RECORD.

A judgment is but an adjudication upon the record.

7. BANKRUPTCY—PROVABLE CLAIMS—JUDGMENT—RECORD.

To ascertain whether or not a judgment was a provable claim in bankruptcy proceedings, judgment creditor may go back of the judgment but not back of the record upon which it was based (Bankruptcy Act, § 17 [11 USCA, § 35]).

8. SAME—PROVABLE CLAIMS—JUDGMENT IN ASSUMPSIT—DISCHARGE.

Judgment in action of assumpsit, listed in schedule of liabilities in voluntary bankruptcy proceedings *held,* a provable claim and, judgment and all process on it, stayed by discharge in bankruptcy whether proved or not (Bankruptcy Act, § 17 [11 USCA, § 35]).

Appeal from Wayne; Searl (Kelly S.), J., presiding. Submitted January 8, 1936. (Docket No. 15, Calendar No. 38,402.) Decided March 2, 1936.

Garnishment proceedings by Elver L. Rice against Carl H. Guider, principal defendant, and City of Detroit, a municipal corporation, garnishee defendant. On petition for stay of proceedings. From order granting stay of proceedings and releasing garnishee defendant, plaintiff appeals. Affirmed.

*Fred Dye,* for plaintiff.

*Aldrich Baxter,* for defendant.

Wiest, J. Plaintiff brought suit in assumpsit against defendant upon a note and other promissory obligations and obtained judgment, less a small set-off. After judgment defendant filed a voluntary petition in bankruptcy, listed the judgment as an obligation and was, in due course, discharged. After the discharge plaintiff sued out a writ of garnishment on the judgment. Defendant petitioned the court to stay the writ and the court granted the petition. Plaintiff reviews by appeal, claiming that the judgment, in large part, was based upon a note given for money obtained under false representations and, *de hors* the judgment record, claimed that defendant owed plaintiff $722 and, representing that he wanted to pay the debt and obtain some money for a few days, when he was to have money from elsewhere, he gave plaintiff a post-dated check for $1,000, and received plaintiff's check for $722, which he cashed. The check given plaintiff was no good and later defendant gave plaintiff his note for $722, and upon a renewal note plaintiff brought suit to have recovery upon the note and other obligations of defendant and, therefore, the judgment, in large part, was based upon the fraud perpetrated in the matter of the check and for that part the discharge was no release from liability.

Plaintiff's judgment record is the usual one in an action of assumpsit upon pecuniary obligations. Plaintiff's demands, reduced to judgment, amounted to $1,247.65, inclusive of the $722 check, merged in the note and renewal thereof.

Fraudulent procurement of money may be waived and an action in assumpsit for recovery of the amount maintained.

Plaintiff's judgment was listed by the bankrupt in the schedule of his obligations and, on its face

and upon the judgment record, was properly scheduled and provable.

The bankruptcy act, § 17 (11 USCA, § 35), provides:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * (second) are liabilities for obtaining property by false pretenses or false representations."

Assuming there was such fraud by defendant in obtaining and cashing the check for $722, has it survived acceptance of the note, renewal thereof, suit thereon, along with other claims, with judgment in an action of assumpsit, and the court record devoid of any intimation of fraud?

Whether or not a judgment was obtained in an action for fraud is to be determined by an inspection of the entire record in the case in which the judgment was rendered. *Louisville & Nashville R. Co.* v. *Bryant,* 149 Ky. 359 (149 S. W. 830).

In *Hallagan* v. *Dowell,* 179 Iowa, 172 (161 N. W. 177), it was said:

"The judgment sued on is silent concerning what it rests upon. But it is permitted to go behind the judgment, and ascertain from the pleadings and the record the basis of the judgment (*Bever* v. *Swecker,* 138 Iowa, 721 [116 N. W. 704]); to ascertain what induced the formal award for one party against the other. * * *

"As seen, neither party gets anything from the face of the judgment, and both must found their claims upon the record behind the judgment."

In the case at bar the judgment recites "that the said defendant did undertake and promise in manner and form as the said plaintiff hath in his declaration in this cause complained against him."

At the hearing of defendant's petition in the circuit court, counsel for plaintiff stated:

"Now, if we are permitted to go into this inquiry (history back of the note) the testimony would show—and it didn't show before your honor on the trial, because, at that time, we introduced the note, and, as I recall, there was no serious controversy about the liability on the note."

To supply such lack in the record plaintiff asked leave to introduce evidence. The court rightly refused to go beyond the record.

In Collier on Bankruptcy (7th Ed.), p. 319, it is stated:

"When a judgment has been entered, the record considered as a whole will determine whether the debt is in fraud. In order that a judgment may be one recovered for fraud so as to prevent its discharge, the record in the action must show that fraud and deceit was the 'gist and gravamen' of the action."

A judgment is but an adjudication upon a record. Plaintiff could go back of the judgment but not back of the record. The judgment record does not bring plaintiff's cause of action within any exception to the discharge in bankruptcy and, inasmuch as the judgment was listed in the schedule of liabilities by the bankrupt, and was provable, it, and all process on it, was stayed by the discharge, whether proved or not. *Edwards & Chamberlin Hardware Co.* v. *Pethick,* 250 Mich. 315 (82 A. L. R. 1232).

The order, staying the garnishment proceeding and releasing the garnishee defendant, is affirmed, with costs to defendant.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL, EDWARD M. SHARPE, POTTER, and TOY, JJ., concurred.