## PANAGOPULOS v. MANNING et ux.

No. 5815.   Decided October 13, 1937.   (72 P. [2d] 456.)

*W. Finch Dawson* and *George W. Latimer*, both of Salt Lake City, for appellant.

*David J. Wilson*, of Ogden, for respondents.

LARSON, Justice.

Plaintiff has filed a petition for a rehearing. We have carefully examined the matters therein presented and the authorities cited. All matters presented were by us considered on the original hearing and a further examination of them discloses no reason why the opinion of the court, *Panagopulos* v. *Manning*, 93 Utah 198, 69 P. (2d) 614, should be disturbed.

The petition for a rehearing is therefore denied.

FOLLAND, C. J., and HANSON and MOFFAT, JJ., concur.

WOLFE, Justice (dissenting).

I am in favor of granting a rehearing in order to permit further argument on the question of whether occupancy of real estate by the owner of a remainder interest in that realty is the touchstone which gives one a homestead right in the remainder interest. Our decision, 69 P. (2d) 614, seems to recognize that, if the remainderman did not occupy the premises under lease of the life tenant, there might be no right to assert a homestead in the remainder interest. It may be that under our liberal homestead laws, where one may assert a homestead in real estate owned in praesenti, even though not occupied, he may be permitted to claim a homestead in a remainder interest where the real estate in which he has the remainder interest is not presently occupied. If so, we need go no further on the question above propounded. But our opinion seems to infer that we might follow the line of cases which hold that the remainderman had no homestead if he was not in exclusive possession.

I am troubled by the question of why possession under the life tenant gives a right to assert a homestead in the remainder interest. I can see reason in holding that the occupant could assert a homestead right in a leasehold interest, but I am unable to see clearly why the occupancy by the re-

mainderman should give him a right not only to claim a homestead in the possession but in the estate which in the future would come into his possession. It seems to me we must either hold that, regardless of present possession of the real estate in which he has a remainder interest, he has a homestead in that interest or that he has not such homestead claim. Present possession does not seem to me to be material to that question. In order to examine that underlying question, I think we should grant a rehearing, and therefore I dissent from the order denying the petition for a rehearing.