SOMMERFIELD, Respondent, vs. KLINKOWITZ, Appellant.

*September 13—October 10, 1944.*

622

624

For the appellant there were briefs by *Churchill, Davis & Churchill,* of Milwaukee, and oral argument by *W. H. Churchill.*

*Charles F. Millmann* of Milwaukee, for the respondent.

MARTIN, J.   Appellant contends: (1) That there is no evidence from which it may reasonably be inferred that he aided Elsie in conveying the mortgaged property to the bank; (2) that the undisputed evidence shows that, as a matter of law, the plaintiff waived her right to proceed with the trial of this action; and (3) that appellant was discharged in the bankruptcy proceedings from all liability to the plaintiff.   If either the second or third contention, be sustained, we need not consider the first.

Appellant argues that plaintiff elected to pursue her rights against the defendants on the promissory note given by them at the time of the settlement stipulation on January 18, 1937, and that she thereby waived any right of action which she may have had to reopen the trial of this action, then pending in the civil court.   The settlement stipulation provides that in the event of default in any of the monthly payments (on the note of January 18, 1937) for thirty days or more, the plaintiff may, at her option, surrender the note of January 18, 1937, and have the action placed upon the calendar for immediate trial.

It is argued that plaintiff did not promptly exercise said option and that she thus waived her right to do so.   In this connection, the parties, by an instrument in writing, signed by them and their respective attorneys, agreed that this action, then pending in the civil court, be held open until defendants' note of January 18, 1937, was paid in full.   The note was payable on or before five years from date, in monthly instalments of $20 per month for the first three years, and $25 per month during the last two years, the first payment to be made as of March 5, 1937, and upon the fifth day of each month

thereafter. Default in making any of the monthly payments for more than thirty days after it became due was to mature the entire note. The stipulation further provides:

"Until said note dated January 18, 1937, is paid in full, the plaintiff's attorney herein shall retain the note of Elsie Klinkowitz dated July 23, 1929, payable to the order of Josephine Sommerfield. . . ."

The stipulation further provides that in the event of defaults in payments on the note of January 18, 1937, and by reason thereof the further prosecution of the action in the civil court, any payments made by defendants on their note of January 18th should then be applied as payments upon any judgment plaintiff might secure as a result of the trial of the action. The stipulation further provides:

"Upon the payment in full of said note dated January 18, 1937, the said note is to be surrendered as fully paid, the above-entitled action is to be dismissed upon its merits as fully settled, and the note of Elsie Klinkowitz dated July 23, 1929, payable to the order of Josephine Sommerfield and the mortgage bearing even date therewith securing the payment of said note, are to be delivered up to said Elsie Klinkowitz."

We fail to find any fact or circumstance by reason of which it can be said that plaintiff took an inconsistent position with the terms of the settlement stipulation. It was not inconsistent for her to attempt to collect on the defendants' note of January 18, 1937.

Appellant, in support of his contention that plaintiff waived her right to proceed with the trial of this action and elected to rely on the defendants' liability on their note of January 18, 1937, cites *Chas. A. Krause M. Co. v. Chris. Schroeder & Son Co.* 219 Wis. 639, 263 N. W. 193, and *Farmers & Merchants State Bank v. Perry*, 186 Wis. 93, 202 N. W. 179. Neither case is applicable to the facts in the instant case on which appellant's theory of waiver is based. We are here

dealing with the rights of the parties under a settlement agreement as to pending litigation, whereby the litigation was held open, and in default of conditions plaintiff reserved the right, upon returning to the defendants their note of January 18, 1937, and upon ten days' notice, to bring this action on for trial. The action was to be dismissed only in the event that defendants paid their note of January 18th in full.

A waiver is the intentional surrender of a known right. There is no evidence to indicate that plaintiff intended to surrender any right she had under the settlement stipulation. Defendants continued to make payments on their note of January 18, 1937, until October 19, 1940. On December 16, 1940, defendant Anthony Klinkowitz filed a voluntary petition in bankruptcy. He was discharged in bankruptcy proceedings on September 30, 1941. On December 22, 1941, plaintiff returned to the defendants their note of January 18, 1937, and at that time gave notice that the action pending in the civil court would be placed on the calendar for trial. It cannot be said, as a matter of law, that there was any unreasonable delay on the part of plaintiff in pursuing her rights under the settlement agreement. Defendants were in nowise prejudiced by reason of any delay in the returning of their note or in bringing the action to trial. All payments made by defendants on their note will be credited on any judgment plaintiff may finally recover against them. Defendants' contention that the evidence shows, as a matter of law, that plaintiff has waived her right to proceed with the trial of this action cannot be sustained.

Appellant's third contention, that he was discharged in the bankruptcy proceedings from all liability to the plaintiff, is based on the fact that in his bankruptcy schedules he listed the note given by him and his wife to the plaintiff in accord with the terms of the settlement agreement. He did not schedule any liability on the present cause of action. His discharge in bankruptcy does not affect plaintiff's cause of action, which is based upon the charge of a wrongful destruc-

tion of plaintiff's mortgage. The discharge in bankruptcy excepts such debts as are by the Bankruptcy Act excepted from the operation of a discharge in bankruptcy. Sec. 17, ch. III, of the Bankruptcy Act of 1938, 11 USCA, sec. 35, includes, among "debts not affected by a discharge," "liabilities . . . for wilful and malicious injuries to the person or property of another."

The wrongful sale of land which was subject to unrecorded deed given as a mortgage was held to be "malicious injury to property" of mortgagee, liability for which was unaffected by discharge in bankruptcy. See *Probst v. Jones, 262* Mich. 678, 247 N. W. 779, and cases there cited. The unauthorized sale of certificates of stock held by brokers as collateral constitutes a "wilful and malicious injury to property" within the meaning of the Bankruptcy Act, and their liability is not released by a discharge in bankruptcy. *McIntyre v. Kavanaugh, 242* U. S. 138, 37 Sup. Ct. 38, 61 L. Ed. 205, 207. If it be held that appellant participated with his wife in the destruction of plaintiff's mortgage, then his discharge in bankruptcy would not discharge him from liability in this action.

We now come to appellant's first contention, that there is no evidence from which it may reasonably be inferred that appellant aided his wife in conveying the mortgaged property to the bank. The civil court, in directing a verdict in favor of appellant, said that he did so "because he (the husband) wasn't a party to the note and mortgage which his wife had given the plaintiff in July, 1929, and she alone is responsible for perpetrating that fraud. No conspiracy between them was alleged or proved. . . . He did not deed the property to the bank. He did not own it and had not mortgaged it. . . . There was a moral obligation on the part of Anthony Klinkowitz but no legal obligation."

True, the husband did not own the property mortgaged to the plaintiff, but he was interested in the building under construction on Pennsylvania avenue and he did approach the

plaintiff to get the $3,000 to pay the contractor for the construction of that building. He induced plaintiff to loan her credit at the bank. He promised the mortgage security and drafted the note and mortgage. Plaintiff loaned her credit to accommodate defendants, not for the accommodation of Roman Komorowski. Anthony testified that he asked plaintiff "whether she would help us out; that we were in a pinch and could not get the money from the Building & Loan Association." The circumstances under which defendants induced plaintiff to give her collateral note to the bank and the execution of the note and mortgage as security therefor are set out at length in the statement preceding this opinion. We shall not repeat them. It appears without dispute that both defendants knew plaintiff was inexperienced in business affairs. Over a long period of years plaintiff frequently sought the advice of Mr. Klinkowitz as to business matters including the investment of moneys. Anthony Klinkowitz testified:

"I also told her that the lot [covered by the mortgage] would not be used in the building game and if we should happen to use it, we would keep her covered with other property that would cover her indebtedness. I gave her the mortgage so that the note would be secured."

He further testified:

"I was not present when my wife gave the deed to the bank, but I knew of it."

For a period of many years there was a close relationship of trust and confidence between plaintiff and Mr. Klinkowitz. For a period of nearly fifteen years he acted as her business adviser. He personally attended to many of her business affairs. From a careful study of all the evidence, we think it might be reasonably inferred that Anthony Klinkowitz aided his wife in conveying the mortgaged property to the bank,

whereby plaintiff's mortgage was effectually destroyed. On the evidence, that issue could not be disposed of as a matter of law. It should have been submitted to a jury.

*By the Court.*—Order affirmed. Cause remanded for further proceedings according to law.