KLATT and another, Plaintiffs, vs. HELMING and others, Defendants: EIMERMAN, Respondent: HANSEN, Appellant.

*December 4, 1945—January 8, 1946.*

For the appellant there were briefs by *Alexander, Burke & Clark,* attorneys, and *John J. Burke* of counsel, all of Milwaukee, and oral argument by *John J. Burke.*

For the respondent there was a brief by *Adolph G. Schwefel,* attorney, and *P. F. Leuch* of counsel, both of Milwaukee, and oral argument by *Mr. Leuch.*

FAIRCHILD, J. The question on this appeal is whether the judgment against Paul Eimerman is excepted from a discharge in bankruptcy for the reason that it is a liability arising out of obtaining property by false pretenses or by false representations. See sec. 17 (a), Bankruptcy Act of 1898, as amended by the Bankruptcy Act of 1903, 11 USCA, sec. 35.

The action, in which the judgment under consideration was entered, was commenced as an action for the foreclosure of a mechanic's lien. When that action failed for sufficient

reasons, a money judgment was rendered against Eimerman for the amount owed Hansen for the work and materials supplied. It was a simple action on contract. There is no reference to fraud or misrepresentation in the court's decision. There was no motion to amend the pleadings to conform to evidence of fraudulent misrepresentation. All that appears in the record is a finding of fact that Eimerman made false representations as to the ownership of the land in question. But this finding was not essential to recovery. A cause of action in contract existed despite any possible fraud. The original complaint makes no allegation that Eimerman was the owner of the land. The trial judge had before him the record of the proceedings in 1933. Although, under our system of liberal pleading, pleadings may be amended even though the action is changed from one on contract to one in tort, nevertheless, where the trial is conducted throughout its course, as one involving an action on contract, the existence of a finding of fact involving a false representation is not sufficient to denominate the action as one based on fraud. It is necessary that the false representations or pretenses should have been relied on by the creditor in parting with his property. 8 C. J. S., Bankruptcy, p. 1515, sec. 573. And it must be the gravamen of the action. The character of the fraud necessary to save the claim from the operation of a discharge in bankruptcy is an actual or positive fraud; it means a positive act of fraud involving moral turpitude or intentional wrong. *J. M. Radford Grocery Co. v. Halper* (Tex. Civ. App. 1925), 274 S. W. 1023. The inclusion of a mere finding which is unnecessary to sustain the judgment is not sufficient.

In addition, the damages asked and recovered by Hansen were the price of the goods and materials he supplied. There was no allegation or recovery of damages suffered because of the failure to secure a mechanic's lien on the property as a result of the mistaken or fraudulent representations of Eimerman. Where one, having a cause of action in contract or in

tort, waives the tort and brings action on the contract, discharge of the bankrupt will be a good defense. 8 C. J. S., Bankruptcy, p. 1515, sec. 573; *Ford v. Blackshear Mfg. Co.* (1913) 140 Ga. 670, 79 S. E. 576.

*By the Court.*—Judgment affirmed.