Nash, J.
This is an action of tort by which the plaintiff seeks to recover $1,000.00 from the defendant on whose account the plaintiff has been forced to pay $1,000.00 to the obligee on a contract of suretyship due to the defendant’s conversion of funds of the obligee. The answer is a general denial; a discharge in bankruptcy; that the action should be on the contract of suretyship; no subrogation to the rights of the obligee; and that the plaintiff cannot pursue any rights for wilful injury to the property of the obligee, if the latter possesses any rights.
The evidence shows that the defendant had been engaged in business in Worcester as the Worcester Freight Transfer; that in course of his business he collected freight charges for the account of the Spector Motor Service, Inc.; *96 that the plaintiff and the defendant executed a surety bond wherein the defendant appeared as principal, the Spector Co. as obligee and the plaintiff as surety; that the defendant executed an application and indemnity agreement in consideration of the issuance of the surety bond, whereby he agreed to indemnify the plaintiff against loss; that he collected freight charges for the Spector Co.; that he made out three checks dated in May of 1942 aggregating* the sum of $690.20 representing money owed by him to the Spector Co., and that all three were dishonored for insufficient funds when presented for payment; that the defendant was further indebted to the Spector Co. for freight charges collected by him.
It was admitted that on February 9, 1943 the defendant was duly adjudicated a bankrupt in the District Court for the District of Massachusetts, that the plaintiff was duly scheduled and that the Spector Co. filed and proved a claim in the sum of $658.54, and that the defendant was discharged in bankruptcy on March 7, 1944. The Spector Co. made claim on the surety bond and the plaintiff paid the Spector Co. the sum of $1,000.00.
The defendant seasonably filed eight requests for rulings and the Court allowed numbers 2, 3 and 6, but refused the other five. They follow:
“1. The evidence does not warrant a finding for the plaintiff. 4. This cause of action is one that is dis-chargeable in bankruptcy. 5. The discharge in bankruptcy secured by the defendant is a complete bar to the plaintiff’s recovery in this action. 7. The plaintiff by suing* on a special contract has elected to proceed on a contractual basis and cannot now claim that this action is one for wilful and malicious injuries to property. 8. As a matter of law the record in the instant *97 case should be that the obligation is one that is dis-chargeable in bankruptcy. ’ ’
The Court found the following facts:
“On the law, evidence and pleadings I find that 'the plaintiff upon the request of the defendant executed a bond wherein the defendant appeared as principal, Spector Motor Service, Inc. as obligee and the plaintiff as surety; that the defendant executed an application and indemnity agreement in consideration of the issuance of said bond whereby he agreed to indemnify the plaintiff against loss; that the defendant received as collector certain funds of the obligee which he converted to his own use, and this resulted in the plaintiff being obligad to pay said obligee the sum of $1,000.00 in the defendant’s behalf . . . that plaintiff demanded payment thereof of the defendant but said sum remains unpaid; that the defendant was adjudicated a bankrupt on February 9, 1943 and was discharged in bankruptcy on March 7,1944; that the writ in the present suit is dated March 28, 1944.
“I rule that the provision of said Bankruptcy Act relative to the liability of a bankrupt created by his fraud, embezzlement, misappropriation, or defalcation while acting* as an officer or in any fiduciary capacity does not herein apply.
“But I find that the claim of the plaintiff was in the excepted class under the TJ. S. Bankruptcy Act as amended, ‘for liabilities for . . . wilful and malicious injuries to the person or property of another’.
“I therefor find for the plaintiff.”
The defendant claims to be aggrieved by the refusal to allow his Requests numbers 1, 4, 5, 7 and 8.
These requests raise the issue as to whether this debt is dischargeable.
Section 17 of the U. S. Bankruptcy Act provides that:
A discharge in bankruptcy shall release a bankrupt from all of his provable debts except such as are . . . “for wilful and malicious injuries to the person or property of another ...”
*98 It was for the trial judge to find whether the acts of the defendant constituted wilful and malicious injuries to the person or property of another. This is a finding of fact. Upon sufficient evidence he has found that the defendant received certain funds of the obligee and converted them to his own use. Such a conversion is an injury to property within the meaning of Section 17 sub. a (2) of the Bankruptcy Act (11U. S. C. A. Sec. 35 sub. a (2)) and is excepted from release through a discharge in bankruptcy. Tinker v. Colwell, 193 U. S. 473, 485. Probst v. Jones, 262 Mich. 678, 247 N. W. 779. American Surety Co. v. Charles R. McKiearnan Appt., 304 Mich. 322, 8 N. W. (2nd) 82, 145 A. L. R. 1235. Clair v. Colmes, 245 Mass. 281, 285, 286.
Bequest #7 states that because the plaintiff has proceeded upon a special contract that he cannot now claim that the action is one for wilful and malicious injury to property.
In the case of American Surety Co. v. McKiearnan, 145 A. L. R. 1235, 1238 which was a suit on a note given as evidence of indebtedness based upon embezzlement by the defendant who had secured a discharge in bankruptcy it was said, ‘ ‘ The suit is based upon the note, not on the tort. The tort is referred to in the pleadings only to meet the defendant’s claim that his discharge in bankruptcy extinguished liability on the note. ’ ’
So far as Section 17 sub. a (2) of the Bankruptcy Act is concerned a surety has the same rights and is regarded in the same light as an obligee and those debts not affected by a discharge in bankruptcy as to the obligee are not affected by a discharge in bankruptcy as to the surety. National Surety Co. v. Lanza, 42 N. U. Supp. 2nd 370 April, 1943.
There was no error in the denial of the defendant’s requests and the order is Beport Dismissed.