Estate of Weil: Weil, Appellant, vs. H. F. Haessler Hardware Company, Respondent.*

*September 13—October 22, 1946.*

---

* Motion for rehearing denied, with $25 costs, on December 18, 1946.

For the appellant there was a brief by *Hersh & Morse,* attorneys, and *Arthur Magidson* and *Myron L. Gordon* of counsel, all of Milwaukee, and oral argument by *Mr. Magidson* and *Mr. Gordon.*

For the respondent there was a brief by *Hammersley, Torke & Kelley,* attorneys, and *Norton A. Torke* of counsel, all of Milwaukee, and oral argument by *Norton A. Torke.*

FRITZ, J.   The county court's findings of fact, conclusions of law, and judgment are based largely upon findings of fact, conclusions of law, and a judgment of the circuit court for Milwaukee county in proceedings pursuant to a supplemental complaint filed by H. F. Haessler Hardware Company (hereinafter called "Haessler") in an action which it brought against the Hercules Construction Company (hereinafter called "Hercules") for the sequestration of its assets and the appointment of a receiver.   In that action Frank H. Nelson

was appointed receiver and claims filed by Hercules' creditors were allowed by the court at $26,051.68, including $1,395.20 owing to Haessler. After the receiver paid taxes and necessary administration expenses no funds were left to pay a dividend to creditors. Thereupon, pursuant to Haessler's supplemental complaint, the circuit court ordered Ralph N. Weil,—the appellant herein,—who was a director and president, and also Alex Weil, who was a director, secretary and treasurer of Hercules, to be interpleaded as defendants. The appellant filed an answer to the supplemental complaint and after a trial of the issues Circuit Judge AUGUST E. BRAUN made findings of fact and conclusions of law upon which there should be entered judgment providing (so far as presently material) the following: That the appellant was indebted to Hercules (1) for its loss of $1,000 by the fraudulent conversion by Alex Weil, with the connivance and approval of appellant, of shares of stock of Film Exchange Realty Company valued at $1,000, which were owned by Hercules; (2) for $400, the proceeds on a sale of Hercules' automobile, which were wilfully appropriated and converted by appellant to his own use; (3) for $16,800 of an indebtedness owing by Dorilton Arms Company to Hercules, which appellant and Alex Weil, as its officers, fraudulently, with intent to hinder, delay, and defraud its creditors, and without its receiving any consideration therefor, misappropriated for the personal use of appellant and Alex Weil by giving credit for $16,800 on said indebtedness owing by Dorilton Arms Company, which was organized by them and of which they were officers and directors and the holders of the controlling interest of its stock; and (4) for $10,000 fraudulently withdrawn from Hercules' assets by appellant as salary in excess of the reasonable value of his services and without a fair consideration to Hercules, and with his intent to hinder, delay, and defraud its creditors. And that the recovery of those amounts under the judgment by Haessler, the plaintiff of record, is for the benefit of all

creditors of Hercules, whose claims were filed and allowed in the action; and all moneys collected on the judgment shall be paid to the receiver, Frank H. Nelson, to be distributed under the order of the circuit court amongst said creditors *pro rata.* Judgment was entered accordingly in March, 1933. There was no appeal from that judgment by any party, and there has been no modification thereof or of the circuit court's findings of fact or conclusions of law on which it was based; and they constituted largely the basis for Judge SHERIDAN's findings and conclusions to the same effect in the county court proceedings pursuant to Haessler's petition under sec. 318.08, Stats. In addition, Judge SHERIDAN found and concluded upon proof, which is undisputed, that said circuit court judgment is wholly unsatisfied and in full force and effect; that in February, 1934, appellant was adjudicated a bankrupt in proceedings in the federal court, in which the claims of Nelson, as receiver of Hercules and all of its creditors, including Haessler, against appellant were scheduled, and in which he was discharged in April, 1934, from such debts as were dischargeable under the Bankruptcy Act; that in August, 1934, the circuit court approved and allowed Nelson's report and account, as receiver, and ordered that upon making certain payments of administration expenses he be discharged from liability as receiver, and that any sums thereafter paid or collected on the judgment shall be paid to the clerk of the circuit court and turned over to the receiver upon his filing a bond approved by the court. Upon those findings and conclusions Judge SHERIDAN decided that Haessler is a proper party to institute the proceeding under sec. 318.08, Stats.; that there is due from the appellant to Haessler, upon the judgments in the findings of fact, the sum of $30,560.93, with interest; that appellant was not discharged in bankruptcy from the aforesaid judgments of Haessler—

"(a) because said judgments were for liabilities for wilful and malicious injuries to the person or property of another

"(b) because said judgments were for liabilities created by Ralph N. Weil's fraud, embezzlement, misappropriation or defalcation while he was acting as an officer or in any fiduciary capacity;"

and that the distributive share or interest of appellant, or so much thereof as may be necessary, be applied upon said indebtedness due Haessler, and the administrator of the estate of Edna N. Weil, deceased, is authorized and directed upon distribution ordered in the matter of said estate to pay said sum to the clerk of the circuit court for Milwaukee county in accordance with its order of August 20, 1934, "there to be held subject to proper disposition and distribution by the circuit court," and to charge the same against the distributive share of said appellant. Judgment was entered accordingly in the county court.

On this appeal appellant contends that because Haessler is not the owner of the judgment entered against him in the circuit court, and does not have the right to control and receive the recovery thereunder, it is not the real party in interest and has no right to maintain the proceeding in the county court under sec. 318.08, Stats., for the interception of appellant's distributive share of the estate of Edna N. Weil. That contention cannot be sustained. Haessler, as a creditor of Hercules, was entitled as plaintiff to maintain its action against Hercules for sequestration of the latter's assets, and was entitled to subsequently serve in that action its amended and supplemental complaint and thereupon have the court order appellant and other officers of Hercules interpleaded as defendants for the purpose of recovering, for the benefit of all creditors whose claims against Hercules had been allowed, the judgment which was subsequently entered for Haessler's recovery from the appellant for said creditors' benefit on his liability for losses sustained by Hercules of the above-stated sums of $1,000, $400, $16,800, and $10,000.

As no appeal was taken from the circuit court judgment to that effect, all provisions therein and in the findings and conclusions upon which it is based are *res adjudicata,* and therefore conclusive and binding between appellant and all parties to the litigation. As this court said in *Hart v. Moulton,* 104 Wis. 349, 353, 80 N. W. 599,—

"It is unquestionably the law that a judgment of a court of competent jurisdiction is binding between the parties to the particular action litigated regarding the subject thereof, either as a plea in bar or evidence in estoppel, not only as to every question actually presented and considered, and upon which the court rested its decision, but every point within the issues that might have been presented and decided in the cause, and is likewise conclusive in any subsequent action between the same parties upon a different subject matter, as to every question actually litigated and decided in the former action. [Citations.] It is further the law that a judgment is as binding on privies as on parties, as to questions actually decided and upon which the judgment rests, whether it be rendered on insufficient evidence, or false evidence, or erroneous notions of the law. So long as the judgment stands it may be invoked in the court where rendered, and in all courts, between the parties to the action and their privies, as the infallible truth. Cooley, Const. Lim. 62; *Case v. Hoffman,* 100 Wis. 336."

See also *Strong v. Hooe,* 41 Wis. 659; *Rowell v. Smith,* 123 Wis. 510, 516, 102 N. W. 1.

Consequently the matters adjudicated thereby are conclusive and cannot be impeached in the collateral proceeding in the county court pursuant to Haessler's petition under sec. 318.08, Stats., to compel the application of appellant's distributive share of his mother's estate to the payment of his indebtedness, under the provisions in the circuit court judgment "that the plaintiff [Haessler] is entitled to recover" of appellant said sums of $1,000, $400, $16,800, and $10,000; that the judgments of the plaintiff "entered herein against the

said defendants . . . Ralph N. Weil, . . . are for the benefit not only of the plaintiff of record herein but for the benefit of all of the creditors of the Hercules Construction Company whose claims have been proven and allowed herein;" and "that all moneys collected on said judgments . . . shall be paid to Frank H. Nelson, the receiver herein to be distributed under the order of the court amongst said creditors *pro rata*. . . ."

And likewise there is not subject to collateral attack by appellant the supplemental provision in the order subsequently made in August, 1934, in the sequestration action, "that any sums hereafter paid or collected on the judgment herein be paid to the clerk of the circuit court and shall be turned over to the receiver upon his filing a bond to be hereafter approved by the court." When Haessler filed its petition in the county court under sec. 318.08, Stats., Nelson had been discharged as receiver and he could not demand or pursue that remedy; and, as under said provisions in the circuit court judgment and subsequent order of August 20, 1934, Haessler's recovery of the stated amounts from appellant was to be for the benefit of all of said creditors and all moneys collected were to be distributed under the order of the circuit court, the then existing situation was such that Haessler,—as the party designated in the judgment to recover said amounts from appellant,—could, and was in fact the most appropriate party to maintain the proceeding instituted under sec. 318.08, Stats., for the interception of appellant's distributive share for the benefit of all of said creditors. Under the circumstances there were applicable the statements in *Harrigan v. Gilchrist,* 121 Wis. 127, 99 N. W. 909, that,—

"The fact that the receiver cannot pursue the action only argues that the creditors may and must. In their names the trust fund must be brought under the control of the court. If a judgment in the action for the recovery of property or its value be entered, it is to be executed in the names of the plaintiffs, not that of the receiver, the proceeds, however, remaining under the control of the court." (p. 248.)

"Many propositions are presented for consideration upon the theory that the property, whether consisting of tangible things or the mere personal liability of parties who have wrongfully converted the tangible property to their own use, or otherwise wrongfully lost it, must necessarily be recovered by a receiver. That is a mistake. When the situation presented is that of a trustee who has squandered the trust property, and the *cestui que trust* only desires to make him account in money for the loss, an action for such accounting may be maintained in equity without any receiver. A receiver is necessary only where there is property to be protected and administered pending the suit, or to be taken possession of and converted into money in administering a trust, or there are wrongs which cannot be remedied without one. At the time this suit was reorganized and again made active, the trust property, as alleged in the complaint, had all been wrongfully lost in one way and another. As to the greater part of it, the only recourse for creditors was to hold the wrongdoers to their liability to account and make compensation for the loss they had caused. The only way to encompass the whole situation in one suit was by a proceeding of some sort in the one pending. It did not take a receiver to give the court jurisdiction of the subject matter. None was needed, because there was no property in the custody of the court, and none to come into such possession other than in the form of money as a result of the accounting and submission to the commands of the court. Where only an accounting is required, a receiver is never deemed necessary. High, Receivers, sections 34, 35. There are many instances in the books of creditors' bills to enforce such liabilities without the use of a receiver. Of course, from the very nature of the remedy, no receiver can well be used till there is something to receive." (p. 270.)

Appellant also contends that by reason of his discharge in bankruptcy his indebtedness under the circuit court judgments for said sums of $1,000, $400, $16,800, and $10,000 was released under the provision in sec. 17 (a), Bankruptcy Act, which read:

"(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, *except* such as . . .

"(2) are liabilities for . . . wilful and malicious injuries to the person or property of another, . . .

"(4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity. . . ." (11 USCA, sec. 35 (a).)

Appellant claims his debts for said sums are not liabilities which are excepted by those provisions in paragraphs (2) and (4) from the release effected by a discharge in bankruptcy.

It is true that in determining whether the liability of a judgment debtor is dischargeable in bankruptcy under sec. 17 (a) of the Bankruptcy Act, the court will look behind the judgment and consider the entire record, and the actual fact disclosed thereby as the basis for adjudged liability will govern. *Globe Indemnity Co. v. Granskov,* 246 Wis. 87, 16 N. W. (2d) 437; *Klatt v. Helming,* 248 Wis. 139, 21 N. W. (2d) 261. However, in relation to appellant's liability for the above-stated sums there does not appear to be anything which would warrant holding that there was any other basis in the record for the adjudged indebtedness than the matters stated in the court's findings and conclusions of law upon which it based its adjudication as to the amounts and nature of appellant's liability for that indebtedness. Consequently, the basis for the adjudged indebtedness of appellant for $1,000, on account of the loss of $1,000 which Hercules sustained by the conversion of its Film Exchange Realty Company stock, which belonged to Hercules, must be considered to be the court's findings and conclusions that this stock was taken and negotiated and the proceeds thereof were kept by Alex Weil, who was guilty of a wilful, deliberate, and wrongful conversion of this property of Hercules, with the connivance and approval of appellant while acting as its president and director. Thus his liability is predicated not upon mere nonfeasance, but upon actual participation by his connivance, while acting as such an officer, in the wilful and wrongful conversion of its property,

and therefore his liability is for the wilful and malicious injury to that property. In *Sommerfield v. Klinkowitz,* 245 Wis. 619, 15 N. W. (2d) 850, we held a discharge in bankruptcy will not discharge a party from liability by reason of his participation with his wife in the destruction of plaintiff's mortgage security.

Likewise, the basis of appellant's liability for the sum of $400 must be considered to be the court's finding that he "wilfully, wrongfully, and deliberately appropriated the proceeds" of the sale of the automobile "to his own use." Consequently, as the court concluded, he is liable "on account of the conversion of the proceeds." As such conversion and misappropriation thereof, while acting as an officer of Hercules, is considered wilful and malicious injury to its property, no release from his liability for such injury is effected under sec. 17 (a) (2) (11 USCA, sec. 35) by appellant's discharge in bankruptcy. In *McIntyre v. Kavanaugh,* 242 U. S. 138, 141, 37 Sup. Ct. 38, 61 L. Ed. 205, stockbrokers who had converted stocks and appropriated the proceeds to their own use were subsequently adjudged bankrupt. In considering whether their liability for their conversion was discharged by their discharge in bankruptcy, the court said,—

"To deprive another of his property forever by deliberately disposing of it without semblance of authority is certainly an injury thereto within common acceptation of the words. Bouvier's Law Dictionary, Injury. And this we understand is not controverted; but the argument is that an examination of our several Bankruptcy Acts and consideration of purpose and history of the 1903 amendment will show congress never intended the words in question to include conversion. We can find no sufficient reason for such a narrow construction. And instead of subserving the fundamental purposes of the statute, it would rather tend to bring about unfortunate if not irrational results. Why, for example, should a bankrupt who had stolen a watch escape payment of damages but remain obligated for one maliciously broken? To exclude from discharge the lia-.

bility arising from such transactions as those involved in *Crawford v. Burke,* 195 U. S. 176, and here presented, not improbably was a special purpose of the amendment."

To the same effect see *Smith v. Ladrie,* 98 Vt. 429, 129 Atl. 302; *Maryland Casualty Co. v. Fant,* 181 Tenn. 492, 181 S. W. (2d) 753; *Weeks v. Streicher,* 74 Ohio App. 253, 58 N. E. (2d) 415; *Frangos v. Frangos,* 157 Pa. Super. 87, 41 Atl. (2d) 416; *Davis v. Aetna Acceptance Co.* 293 U. S. 328, 55 Sup. Ct. 151, 79 L. Ed. 393.

Likewise as to the adjudication that appellant is liable for $16,800 because of the credit allowance of that amount, which appellant and Alex Weil as officers of Hercules gave to the Dorilton Arms Company on indebtedness which it owed to Hercules, the basis of that adjudication is the court's findings that—

"The evidence fully warrants a finding of bad faith on the part of Alex Weil and Ralph N. Weil in waiving for the Hercules Construction Company the sum mentioned and thereby dissipating its assets to that extent and thereby enriching the other company in which they were interested. That . . . Alex Weil and Ralph N. Weil directors of the Hercules Construction Company made said allowance fraudulently and without a fair consideration and with intent to hinder, delay and defraud the creditors of the said Hercules Construction Company. That said directors disposed of a debt due the Hercules Construction Company without consideration thereby misappropriating the assets of the Hercules Construction Company for the benefit of themselves."

Consequently, in view of the facts thus found, appellant's liability for the sum of $16,800 was created by his fraud and misappropriation of an asset of Hercules while acting as an officer thereof.

Likewise, the bases for the provision in the judgment for the recovery of $10,000 from appellant are the facts found by the court that he withdrew as salary at least that amount in

excess of what the directors were reasonably justified in paying him for his services, and that such excessive withdrawals were made by him without a fair consideration therefor, while Hercules was insolvent, and with the intent to hinder, delay, and defraud its creditors; and that such withdrawals were wrongful and constituted a wilful diversion and misappropriation of its property by appellant while acting as an officer of the corporation. Consequently, as appellant's indebtedness for said sums of $16,800 and $10,000 were liabilities created by his fraud and misappropriation while acting as an officer of Hercules, they are liabilities as to which, under the exception in the provision in sec. 17 (a) (4) of the Bankruptcy Act, no release was effected by his discharge in bankruptcy. In considering that provision in *Savin v. McNeill,* 244 Wis. 552, 563, 13 N. W. (2d) 82, in an action brought to recover from defendant funds alleged to have been embezzled and misappropriated by him while acting as an officer of a corporation, we said,—

"Defendant next contends that his plea of discharge in bankruptcy should have been sustained. We cannot agree to this. Sec. 17 of the Bankruptcy Act provides: [Stats. quoted.] The claim of the receiver in this case is based upon embezzlement, fraudulent misappropriation, and defalcation while acting as an officer of this corporation. The receiver is not suing on the contract for rent but for assets of the corporation converted by defendant. This liability is excepted from the release by sec. 17 of the Bankruptcy Act."

In *In re De Graaf* (D. C.), 22 Fed. (2d) 163, 164, the court quotes from *In re Metz* (2d Cir.), 6 Fed. (2d) 962, as follows:

"Section 17 of the Bankruptcy Act (Comp. St. sec. 9601 [11 USCA, sec. 35]) provides that a discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in the fiduciary capacity. The findings in the state court in the equity

suit conclusively show that the claim arose from the fraudulent conduct of the bankrupt in transferring the funds of the corporation, as an officer thereof, to his individual account, and it is further found that it was done solely for the purpose of rendering the corporation insolvent and unable to pay the petitioner's debt. The findings of fact as to this fraud and its results will be accepted by us. *Harper v. Rankin,* 141 Fed. 626, 72 C. C. A. 320; *In re Wollock* (D. C.), 120 Fed. 516. Hill was the president, director, and principal stockholder of the corporation, and the transfer of the property, made in a voluntary way, as held in the state court, was made while he was acting in such capacity. The judgment obtained in the creditor's action was not dischargeable in bankruptcy. It was based upon a liability of the bankrupt, created by his fraudulent misappropriation of the property of the corporation, and while he was acting as such officer of the corporation. He was an officer, as provided within section 17, for an officer there referred to includes within its meaning an officer of a private corporation. *Harper v. Rankin, supra; In re Gulick* (D. C.), 186 Fed. 350; *Bloemecke v. Applegate* (C. C. A.), 271 Fed. 595."

To the same effect see *In re Hammond* (2d Cir.), 98 Fed. (2d) 703; *In re Bernard* (2d Cir.), 87 Fed. (2d) 705; *Bannon v. Knauss,* 57 Ohio App. 288, 13 N. E. (2d) 733.

It follows that the judgment of the county court must be affirmed.

*By the Court.*—Judgment affirmed.