12

*November 19—December 23, 1947.*

For the appellant there was a brief by *Winter & Koehler* of Shawano, and oral argument by *P. J. Winter*.

For the respondent there was a brief by *Eberlein & Eberlein* of Shawano, and oral argument by *Frederick C. Eberlein*.

Rosenberry, C. J.    The Shawano Finance Corporation was engaged in the business of financing automobile dealers. The Auto Service Sales Company is a corporation dealing in automobiles and was managed and controlled by the defend-

ants, A. C. Haase and F. G. Haase. The plaintiff loaned to the Auto Service Sales Company certain sums, repayment of which was secured by the sale of automobiles in the possession of the Auto Service Sales Company. From time to time the plaintiff checked the automobiles supposed to be on hand, found that some vehicles were missing, and when this was called to the attention of the defendants the defendants falsely represented that they were being washed and in some instances that they were in the hands of prospective purchasers. Upon the discovery of the falsity of these representations, the plaintiff made demand for restitution, whereupon a note was executed by the Auto Service Sales Company by F. G. Haase, president, and A. C. Haase, secretary and treasurer. Each of the defendants executed a printed guaranty on the back of the note by the terms of which they agreed in addition to the usual waivers that "nothing except cash payment to the holder of said note shall release the undersigned or any of the undersigned." Judgment on the note was entered January 31, 1945. This related to liability on the note and not to liability for false representations.

The garnishee action was begun by the plaintiff to garnishee certain funds claimed to be in the hands of the garnishee defendant, Four Wheel Drive Auto Company. The garnishment proceedings were stayed to await determination of the adjudication in bankruptcy then pending. After the bankruptcy was closed with the usual discharge of the bankrupt the garnishment action was proceeded with. It is the contention of F. G. Haase that the proceedings in bankruptcy operated to discharge his liability upon the note or on account of the wrongful representations made by the defendant F. G. Haase. The question for decision is whether the bankruptcy proceeding did discharge the liability of F. G. Haase.

The plaintiff loaned its funds to the Auto Service Sales Company. Conceding that the wrongful representations created a cause of action in tort in favor of the plaintiff for damages

against the defendant Haase, the plaintiff thereafter accepted the note of the Auto Service Sales Company, payment of which was guaranteed by the defendants personally. When the plaintiff accepted this note it reduced the liability of the defendants to one upon contract and it waived the tort, if any. We find no allegation in the complaint charging the defendants with fraud or wrongful conduct. In this case the garnishment proceedings were based upon a judgment. It is the contention of the plaintiff that the court may go behind the record in the action against the defendants and determine the character of the liability. This, according to the great weight of authority, the plaintiff may not do. *Estate of Weil,* 249 Wis. 385, 24 N. W. (2d) 662; *Rice v. Guider,* 275 Mich. 14, 265 N. W. 777; *Ehnes v. Generazzo,* 19 N. J. Misc. 393, 20 Atl. (2d) 513.

*Klatt v. Helming,* 248 Wis. 139, 21 N. W. (2d) 261, is precisely in point. In that case an action to foreclose a mechanic's lien which failed as to the lien because the labor was performed and the material furnished without the consent or knowledge of the owner of the premises that resulted in a money judgment against Eimerman for the price of the labor and material and was tried throughout as an action on contract, a nonessential finding that Eimerman had made false representations as to the ownership of the premises did not make the action one based on fraud, and the judgment was not a liability arising out of obtaining property by false pretenses or by false representations within the meaning of the Bankruptcy Act, and was therefore discharged by the debtor's discharge in bankruptcy. It was further held that where one has had a cause of action in contract or in tort, but has waived the tort by bringing action on the contract, discharge of the bankrupt is a good defense.

The case of *Rice v. Guider,* 275 Mich. 14, 265 N. W. 777, is distinguished in *Citizens Mut. Auto. Ins. Co. v. Gardner,* 315 Mich. 689, 24 N. W. (2d) 410. It was there held that while the action was in *assumpsit,* where it appeared from the com-

plaint in the action that the defendant was acting in a fiduciary capacity, received the premiums in such capacity, and admittedly failed to make payment thereof to the plaintiff as it was his duty to do, that it sufficiently appeared from the record that the basis of the liability was in tort, and being disclosed by the record the proceeding in bankruptcy did not discharge the judgment. There is a split of authority upon this question. The cases are discussed and cited in a note in 170 A. L. R. 368.

It has long been the law in this state that where a party who has a cause of action sounding either in tort or on contract, and has elected to sue on contract, that he cannot thereafter recover damages as and for a tort. *Huganir v. Cotter*, 102 Wis. 323, 78 N. W. 423. That was an action upon implied contract. The case is much stronger where, as here, the waiver is by express contract.

Inasmuch as under Wisconsin decisions the bringing of an action on contract extinguishes the liability in tort, cases in other states which hold that a person seeking to enforce a judgment on contract may go behind the record to show that the claim was originally in tort and is therefore not discharged in bankruptcy are not applicable to like situations arising in this state.

When the judgment on cognovit was entered upon application of the plaintiff the character of the liability was adjudicated and the sole liability of the guarantors was thereafter on the judgment. No effort was made to recover for a tort and, even if it had been made, the plaintiff would have been met with the contention that the acceptance of the note of the corporation with the guaranty of the defendants operated as a waiver of any liability in tort of the defendants Haase.

*By the Court.*—Judgment affirmed.

FOWLER, J., took no part.