THOMPSON and wife, Appellants, v. SLOAN, Respondent.
[Case No. 104.]

*August 31—September 29, 1964.*

For the appellants there was a brief by *John R. Craite* and *Thomas P. Doherty,* both of Milwaukee, and oral argument by *Mr. Craite.*

For the respondent there was a brief by *Max M. Seidelman,* and oral argument by *Tom E. Hayes,* both of Milwaukee.

GORDON, J. The judgment which was entered against Mr. Sloan had been duly scheduled in the bankruptcy proceedings. A discharge was granted to Mr. Sloan about one year after the entry of the original judgment against him. After the discharge in bankruptcy, there was a hearing in the county court, at which time the judgment creditors urged that this judgment against Mr. Sloan was based upon wilful and malicious conduct and, they argued, it was therefore not dischargeable in bankruptcy. Upon this appeal, we must determine the correctness of the order of the county court which ruled that the original judgment was based upon ordinary negligence rather than upon wilful and malicious conduct.

We have examined the complaint, as well as the evidence which was adduced at the default trial, and are persuaded that *ordinary negligence* was complained about, testified to, and determined by the court. The derelictions charged in the complaint sound exclusively in terms of carelessness and ordinary negligence. Under no reasonable interpretation of the complaint could it be said that wilful, wanton, or malicious acts are charged.

At the default hearing, a record was made wherein the ordinary carelessness on the part of Mr. Sloan was developed. At the conclusion of the testimony, the trial court said, "Judgment is ordered for negligence."

Under the law of this state, the court is permitted to consider the entire record in determining whether a judgment is entitled to be discharged by reason of bankruptcy. *Bastian v. LeRoy* (1963), 20 Wis. (2d) 470, 478, 122 N. W. (2d) 386; *Aetna Casualty & Surety Co. v. Lauerman* (1961), 12 Wis. (2d) 387, 394, 107 N. W. (2d) 605; *Estate of Weil* (1946), 249 Wis. 385, 394, 24 N. W. (2d) 662; *Klatt v. Helming* (1946), 248 Wis. 139, 142, 21 N. W. (2d) 261. Using this standard, the trial court

correctly concluded that the act of Mr. Sloan in instructing an unlicensed driver (his wife) to step on the starter was an act of carelessness and upon this record does not rise to the dignity of being wilful, wanton, or malicious.

Mr. Sloan's acts fall considerably short of those described in *Tinker v. Colwell* (1904), 193 U. S. 473, 487, 24 Sup. Ct. 505, 48 L. Ed. 754; in that case, the United States supreme court discussed what acts might be considered wilful and malicious and stated:

". . . a willful disregard of what one knows to be his duty, an act which is against good morals and wrongful in and of itself, and which necessarily causes injury and is done intentionally, may be said to be done willfully and maliciously, so as to come within the exception."

We also conclude that Mr. Sloan's conduct was not negligence of a high degree, or "gross negligence," as that term was formerly used in this state. See *Bielski v. Schulze* (1962), 16 Wis. (2d) 1, 14, 114 N. W. (2d) 105. Mr. Sloan's instruction to his wife resulted in the car's starting, slipping into gear, and crashing into a concrete wall; but the serious results which occurred do not make the original blunder anything more than ordinary negligence. As Benjamin Franklin wrote in his Poor Richard's Almanac (1757):

"A little neglect may breed great mischief: for want of a nail the shoe was lost; for want of a shoe the horse was lost; for want of a horse the rider was lost; being overtaken and slain by the enemy, all for want of a little care about a horseshoe nail."

Mr. Sloan's act falls within the framework of simple negligence, and thus the judgment based thereon is dischargeable in bankruptcy. *Globe Indemnity Co. v. Granskov* (1944), 246 Wis. 87, 16 N. W. (2d) 437; *In re Byrne* (2d Cir. 1924), 296 Fed. 98; *Campbell v. Norgart*

(1944), 73 N. D. 297, 14 N. W. (2d) 260; *Panagopulos v. Manning* (1937), 93 Utah 198, 69 Pac. (2d) 614, re-hearing denied (1937), 93 Utah 215, 72 Pac. (2d) 456; *In re Grout* (1914), 88 Vt. 318, 92 Atl. 646.

*By the Court.*——Order affirmed.